### CONTINENTAL ILLINOIS NAT. BANK & TRUST CO. OF CHICAGO v. EHRHART.

### No. 48.

District Court, E. D. Tennessee, S. D.

Feb. 29, 1940.

Thomas McCoy, of Chattanooga, Tenn., for plaintiff.

A. A. Kelly, of South Pittsburg, Tenn., for defendant.

DARR, District Judge.

This matter is before the Court on a motion for a summary judgment as to one of the issues made by the pleadings. The question to be determined is whether the note sued upon is barred by the statute of limitations of the State of Tennessee.

The note is dated April 1, 1929, and was executed in the State of Illinois. In December 1934, the payor moved to the State of Tennessee, this being before the statute of limitations had run in the State of Illinois.

The defendant insists that the motion for summary judgment must be determined by the pleadings, and that the order made upon the findings in the pre-trial conference would not be for consideration. This order contains certain agreements of counsel which conforms to the facts above stated.

It is to be remembered that the plea of the statute of limitations is an optional plea by a defendant and it is not incumbent upon a plaintiff to set out affirmatively that the subject matter sued upon is within the statute. The plea of the

statute of limitations becomes an affirmative defense.

It is my judgment that the decision on the motion for a summary judgment is to be made upon the whole record. Otherwise the pre-trial conference would be vanity.

It seems that such question as raised in this case is well settled under authority of the Supreme Court of the State of Tennessee wherein it is held that the statute of limitation does not run against a non-resident, but only against a resident of the State of Tennessee. That the right to sue in this state begins when a defendant comes into the jurisdiction of the state, and that the statute of limitations runs from that time. Kempe v. Bader, 86 Tenn. 189, 6 S.W. 126.

Under this authority I am of the opinion that the plea of the statute of limitations in this case is not well taken and the motion for a summary judgment will be sustained. The case will stand for trial on the other issues made by the pleas.

Let an order be prepared for entry in accord with this opinion.