TRAVELERS INDEMNITY COMPANY, Appellant,

v.

HOLT MACHINERY COMPANY, Appellee.

No. 6631.

Court of Civil Appeals of Texas, El Paso, Texas.

June 29, 1977.

Rehearing Denied July 27, 1977 *.

* Appellant's and Appellee's.

Groce, Locke & Hebdon, Thomas H. Crofts, Jr., San Antonio, for appellant.

Oppenheimer, Rosenberg, Kelleher & Wheatley, Inc., Seagal V. Wheatley, San Antonio, for appellee.

## OPINION

OSBORN, Justice.

This case raises the issue of whether the trial Court erred in sustaining a motion to strike certain paragraphs from Defendant's Answer. Having concluded that there was no legal basis for the trial Court's ruling we reverse and remand.

Suit was filed to recover for a loss allegedly covered by a fidelity bond issued by the Travelers Indemnity Company to Holt Machinery Company. In 1968, Herbert Spring applied for and subsequently obtained a Small Business Administration loan. Representations were made that part of the funds would be used to pay for equipment and machinery which Spring had arranged to purchase from Holt. An employee of Holt, with the consent of a vice president, furnished supporting data for the application and was present at the loan closing. In fact, there were no arrangements to buy equipment from Holt, although Spring had previously purchased equipment from that company, and the supporting data consisted of copies of bills of sale of equipment already purchased. Subsequently, Spring was indicted and convicted for making false statements in connection with the loan closing.

The loan was not repaid and the United States sued Holt. Holt requested that Travelers investigate and defend the suit. The Travelers refused to defend, since the fidelity bond did not require that it defend its policyholder but only required that it pay for certain defined losses enumerated in the insuring agreement, unless otherwise excluded. Through counsel, Holt again requested that Travelers defend the suit filed by the United States. The following day, April 23, 1974, Travelers sent claims forms as had been requested. Within a week, these forms for proof of loss were completed and returned to the Travelers. On June 14, 1974, the Travelers supervisor wrote to Holt rejecting the claim because (1) no fidelity loss had been sustained by Holt, and (2) there had been no dishonesty of an employee established.

Shortly thereafter, Holt settled its suit with the United States and, by letter dated August 1, 1974, made demand upon Travelers to reimburse it for the sum paid to the Government. On September 24, 1974, the Travelers adjuster rejected the demand "as there has been no proof submitted establishing employee dishonesty under the terms of this bond." Holt then instituted this suit to recover the payment it made in settlement with the United States. The Travelers answered with a general denial and special pleas that the payment by Holt was not a loss within the provisions of the bond, and further alleged that an exclusion for "loss due to any fraudulent, dishonest or criminal act by any insured or a partner therein, whether acting alone or in collusion with others," was applicable in this case because a company vice president had approved and acquiesced in the acts of the company employee who prepared the supporting documents requested by Mr. Spring.

On the day of trial, counsel for Holt filed a Motion to Strike the special pleas, and this motion stated:

" * * * Defendant has *never* raised this asserted reason heretofore with its insured, the Plaintiff, as a reason why Defendant's liability to Plaintiff was denied under the policy, and Defendant now attempts to assert a new reason of its alleged non-liability. The law provides that where an insurance company states to an insured its grounds for denial of coverage or liability, that under the circumstances here, the insurance company waives its rights to assert new and additional grounds at trial. Because the new grounds now attempted to be asserted have never heretofore been given by the Defendant insurance company as grounds for refusing to defend or assume liability for Plaintiff's claim, the new grounds must be deemed waived and stricken from Defendant's pleading prior to trial."

The trial Court granted the motion and struck the defenses raised by the special pleas. The record does not reflect what type of hearing was had, and there is no showing of evidence received in support of the motion. The order granting the motion does not reflect that any evidence was presented. The above mentioned letters were offered as part of a Bill of Exception on another issue after both sides had completed their evidence. Thus, we can only assume that the Court acted solely on the recitals in the motion and the pleadings on file. We conclude that this was error.

■ To have sustained the motion to strike, the trial Court either sustained a "speaking demurrer" or granted a partial summary judgment without notice or evidence, and, in either event, committed error. As noted in 2 McDonald, Texas Civil Practice Sec. 7.22 (1970):

"The 'speaking demurrer' is a special exception which, instead of limiting itself to the allegations of the petition and pointing out defects evident therein, states factual propositions not appearing in the petition and, in reliance upon such facts, seeks to challenge the plaintiff's right to recover. Speaking demurrers were not permitted under the former practice, and are not allowed under the 1941 rules. Such factual allegations should be ignored in passing on the sufficiency of plaintiff's pleading. If the defendant must rely upon extrinsic facts, he must raise the point by a plea in abate-

ment or in bar, and not by special exceptions. He also may raise such defensive matters by a motion for summary judgment * * *."

While this language refers to a plaintiff's petition, the same rule applies to a defendant's answer which, in this case, has been stricken by the Plaintiff's motion based on extrinsic facts not then before the Court. Extrinsic facts cannot form the basis for a ruling on the pleadings. *Ragsdale v. Ragsdale*, 520 S.W.2d 839 (Tex.Civ.App.—Fort Worth 1975, no writ); *McFarland v. Reynolds*, 513 S.W.2d 620 (Tex.Civ.App.—Corpus Christi 1974, no writ). Where an exception, or motion as in this case, goes outside the record and sets up a matter which requires proof, it is by its very nature a "speaking demurrer," which is not a valid pleading under our rules. Tex.R.Civ.P. 90; *Friedman v. Cohen*, 404 S.W.2d 372 (Tex.Civ.App.—Houston 1966, no writ); *Latham v. Mountain States Mutual Casualty Company*, 482 S.W.2d 655 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n. r. e.).

■ Where a matter is required to be raised outside the pleading with extrinsic evidence, it should be through the use of summary judgment proceedings. *Latham v. Mountain States Mutual Casualty Company,* supra. As noted in 4 McDonald, Texas Civil Practice Sec. 17.26.3 (1971), a motion for summary judgment "may be effective in limiting the issues to be tried" and "when a defense is shown to be without support, it may be stricken." In *Continental Illinois Nat. Bank & Trust Co. of Chicago v. Ehrhart,* 1 F.R.D. 199 (D.C.1940), the defendant pled limitations in a suit upon a note. In a summary judgment proceeding, the Court considered proof outside of the pleadings and, upon the whole record before the Court, concluded that the defense of limitations was not applicable and granted the motion for summary judgment striking the defense and ordering the case tried upon the remaining issues in the case.

■ We conclude that the Appellee should have followed a similar procedure in this case. By request for admissions or affidavits, the letters from the Travelers could have been properly presented to the trial Court in a summary judgment proceeding with a request to strike those defenses which were not appropriate for trial in this case. But where the answer had been on file for nearly three months, it was not proper to sustain a speaking demurrer the day of trial and strike defenses on the basis of allegations alone where extrinsic proof was required for a proper determination of the issue before the Court.

Since it becomes necessary to retry the case, we do not pass on the issue of whether the letters in question constituted a waiver of certain defenses since that issue must be decided, if it be raised in another trial, upon the evidence presented on the issue at that time.

Appellant's Point of Error No. One is sustained. The judgment of the trial court is reversed and the case remanded to the trial Court.