# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

========================

## ON MOTION FOR REHEARING

========================

## NO. 03-04-00504-CV

**Ray F. Wilson and Faye D. Wilson, Appellants**

**v.**

**Clarence Wachsmann and Joyce Wachsmann, Appellees**

## FROM THE DISTRICT COURT OF LEE COUNTY, 335TH JUDICIAL DISTRICT
## NO. 12,439, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment issued on May 3, 2006, and substitute this one in its place. We overrule the first motion for rehearing filed by the Wilsons. We also overrule the Wilsons' "First Amended Motion to Supplement and Substitute Certain Relevant Parts to the Record Included in Their Motion for Rehearing Under Date of May 17, 2006"[1] because our review is confined to the evidence in the appellate record. *See Carlton v. Trinity Universal Ins. Co.*, 32

---

[1] The Wilsons' "Motion for Leave of the Honorable Third Court of Appeals to Supplement and Substitute Certain Relevant Parts to the Record Included in Their Motion for Rehearing Under Date of May 17, 2006" is dismissed.

S.W.3d 454, 458 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (citing *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979)).

Appellants Ray F. Wilson and Faye D. Wilson bring this *pro se* appeal of the district court's judgment denying them any recovery against appellees Clarence Wachsmann and Joy[2] Wachsmann on the Wilsons' claims for past-due farm rent, unpaid loans, and damage to land and awarding damages to the Wachsmanns on their counterclaims. In twenty-four issues,[3] the Wilsons challenge the district court's rulings on various pretrial and posttrial motions. For the reasons discussed below, we affirm the district court's judgment.

## BACKGROUND

This appeal arises from a dispute over an alleged oral agreement concerning loans and farm rent. For many years, the Wachsmann and Wilson families had a sharecropping arrangement whereby the Wachsmanns would lease the Wilsons' farm land in Manheim; provide the seed, equipment, and labor to grow various crops; and split the proceeds from the crop with the Wilsons. The two families never memorialized these arrangements in writing but operated under oral agreements that renewed from year-to-year.

Until their deaths, Ray Wilson's father (Fred Wilson), and Ray Wilson's brother (Ural Wilson), oversaw the family's sharecropping arrangement with the Wachsmanns. Thereafter, Ray Wilson and his wife, Faye Wilson, began exclusive oversight of the arrangement. Disputes arose,

---

[2] Although the Wilsons' notice of appeal and, therefore, our caption refer to appellee as "Joyce" Wachsmann, she is identified in the record and her brief as "Joy" Wachsmann.

[3] We have grouped the Wilsons' arguments into six issues.

and the Wilsons sued the Wachsmanns in justice of the peace court claiming that the Wachsmanns

failed to repay a $5000 loan for farm expenses. The Wilsons went to trial under a second amended

original petition that sought both eviction ("immediate possession of their property") and "$5,000

without pre-judgment interest but with post-judgment interest, as complete and full satisfaction of

said debt owed."

The justice court rendered a take-nothing judgment:

> This the 25th day of March, 2003, came on to be tried in its regular order the above-styled and numbered cause, wherein RAY F. WILSON, FAYE D. WILSON, Plaintiff, and CLARENCE WACHSMANN, JOYCE WACHSMANN, Defendant, and came the parties in person and through their attorney and announced ready for trial, and neither party having demanded a jury, all matters in controversy, of fact and law, were submitted to the Court sitting without a jury; and the pleadings, evidence and argument of counsel having been heard by the Court, it is the opinion of the Court that the Plaintiff should take nothing by his suit; that the Defendant, go hence with his cost without delay and that execution issue in Defendant's behalf for his said costs.

The Wilsons did not perfect an appeal from this judgment.[4]

In a separate action in district court, the Wilsons sued the Wachsmanns for

$21,173—which included the $5000 farm expense loan for which they had sought recovery in justice

court. The Wachsmanns counterclaimed, seeking as an offset the damages they incurred from the

Wilsons' breaching the crop lease agreement by attempting to evict them. The Wachsmanns sought

partial summary judgment on the basis that the Wilsons' claim regarding the $5000 farm expense

loan was barred by *res judicata*.

---

[4] However, the Wilsons represent in their amended docketing statement that they "have a bill of review in Lee County J.P. Court for correction" of the justice court's judgment.

The district court granted the motion, ordering:

IT IS ORDERED that upon the trial of this cause the following facts are found to be established without the need of further proof:

Defendants Wachsmann are not liable to Plaintiffs Wilson for the $5,000.00 debt alleged by Plaintiffs to be due them from the Defendants.

IT IS FURTHER ORDERED that all other facts material to the claims and defense of the parties remain for trial.

The Wilsons subsequently filed a motion for rehearing of the partial summary judgment and a motion for sanctions against the Wachsmanns' counsel; the district court denied both. The court also granted the Wachsmanns' motion in limine to preclude either party from mentioning the $5000 farm expense loan. It also granted the Wachsmanns' motion to exclude the testimony of two of the Wilsons' witnesses whom they had failed to identify in response to the Wachsmanns' request for disclosure. Finally, the district court denied an instrument that the Wilsons termed "special exceptions," which purported to challenge the Wachsmanns' answer with evidence of additional facts.

The claims were tried to a jury, which rejected each of the Wilsons' claims for damages, found that the Wilsons breached the crop lease agreement, and awarded damages to the Wachsmanns of $4687. The district court rendered judgment in accordance with the jury verdict, awarding the Wachsmanns $4687 in damages, plus costs and attorney's fees, *see* Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 1997), and ordering that the Wilsons take nothing on their claims. After judgment, the Wilsons filed a motion for new trial, a motion for judgment

notwithstanding the verdict, and a motion to supplement their answers to the Wachsmanns' disclosure requests. The district court denied each of these motions.

On appeal, the Wilsons contend that the district court erred by (1) denying their special exceptions; (2) granting a motion for partial summary judgment while denying their motion for rehearing, motion for sanctions, and their bills of exception; (3) excluding two of their trial witnesses; (4) failing to give a limiting instruction after the Wachsmanns' counsel violated the motion in limine; (5) denying their motion for new trial and motion for judgment notwithstanding the verdict; and (6) denying their motion to supplement discovery.

**DISCUSSION**

**Special exceptions**

In their first set of issues, the Wilsons complain that the district court erred in denying their special exceptions. The Wilsons excepted to the portion of the Wachsmanns' original answer that asked the district court to take judicial notice of the justice court's take-nothing judgment. They also excepted to the Wachsmanns' counterclaim for breach of the lease agreement, which alleged that the Wilsons' damages should be offset by the expenses that the Wachsmanns incurred as a result of the Wilsons' eviction proceedings. We note that the Wachsmanns' original answer, which is the subject of the Wilsons' special exceptions, is omitted from the appellate record.

We review the district court's ruling on special exceptions for an abuse of discretion. *Wayne Duddlesten, Inc. v. Highland Ins. Co.*, 110 S.W.3d 85, 96 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (citing *Muecke v. Hallstead*, 25 S.W.3d 221, 224 (Tex. App.—San Antonio 2000,

5

no pet.)).  An abuse of discretion will be found if the district court fails to correctly analyze or apply the law.  *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

In their special exceptions, the Wilsons argued that the court should not take judicial notice of the justice court's judgment because it conflicted with an oral agreement that the justice court would only rule on the issue of possession.  They also argued that the allegations in the Wachsmanns' counterclaim for offset were insufficient to give them fair notice.[5]

The Wilsons' special exceptions were improper.  Special exceptions must confine themselves to addressing matters shown on the face of the opposing pleading and must not inject factual allegations not appearing in the pleading against which the exception was raised.  *Brown v. Hawes*, 764 S.W.2d 855, 856 (Tex. App.—Austin 1989, no writ); *see also* Tex. R. Civ. P. 91.  When a special exception "goes outside the record and sets up a matter which requires proof, it is by its very nature a 'speaking demurrer,' which is not a valid pleading under our rules."  *Sherman v. Triton Energy Corp.*, 124 S.W.3d 272, 282-83 (Tex. App.—Dallas 2003, pet. denied) (quoting *Travelers Indem. Corp. v. Holt Mach. Co.*, 554 S.W.2d 12, 15 (Tex. Civ. App.—El Paso 1977, no writ)).  The Wilsons' purported special exceptions were not confined to matters on the face of the Wachsmanns' answer but relied upon extrinsic facts:  an alleged agreement between the parties that conflicted with

---

[5] Although the Wilsons claimed lack of fair notice of the Wachsmanns' counterclaim, their responses to the district court's questioning clarified that they had fair notice but disputed the merits of the counterclaim.  The court informed them that the merits of the counterclaim would be resolved at trial.

the justice court's judgment and excerpts of deposition testimony disputing the merits of the Wachsmanns' counterclaim.[6]

Because the Wilsons' exceptions relied upon facts extrinsic to the Wachsmanns' original answer, the district court did not abuse its discretion in denying their special exceptions. We overrule the Wilsons' first issue.

**Partial summary judgment**

In their second set of issues, the Wilsons contend that the district court erred in granting a partial summary judgment that the Wilsons' claim regarding the $5000 farm expense loan was barred by *res judicata*. The Wilsons also challenge the court's denial of motions they later filed seeking rehearing of the partial summary judgment and sanctions, each of which sought to revisit matters addressed in the partial summary judgment.

The district court's ruling on a summary judgment is a question of law that we review *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003). The Wilsons argue that the district court's order "gives rise to an

---

[6] *Pro se* representation does not excuse the Wilsons from complying with applicable rules of procedure: "Neither is [the right of self-representation] a license not to comply with the relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978), *see also Gudur v. Texas Dep't of Health*, 2005 Tex. App. LEXIS 8742, at *13 n.5 (Tex. App.—Austin 2005, no pet.).

7

erroneous judgment on all grounds" because it does not specify the grounds on which the court relied. In fact, Texas law is squarely the opposite: because the district court's order does not specify the grounds for its ruling, we must affirm the summary judgment if any of the theories presented to it and preserved for appellate review are meritorious. *Id*. at 216.

Under the doctrine of *res judicata*, the Wilsons are barred from raising in district court claims that were adjudicated in the justice court's take-nothing judgment. *See Brown v. Henderson*, 941 S.W.2d 190, 192 (Tex. App.—Corpus Christi 1996, no writ) (discussing Tex. Civ. Prac. & Rem. Code Ann. § 31.005 (West 1997)); *Wren v. Gusnowski*, 919 S.W.2d 847, 849 (Tex. App.—Austin 1996, no writ); *Webb v. Persyn*, 866 S.W.2d 106, 107 (Tex. App.—San Antonio 1993, no writ); *McClendon v. State Farm Ins. Co.*, 796 S.W.2d 229, 232 (Tex. App.—El Paso 1990, writ denied); *see also Harrill v. A.J.'s Wrecker Serv., Inc.*, 27 S.W.3d 191, 195 (Tex. App.—Dallas 2000, pet. dism'd w.o.j.) (county court at law *sua sponte* dismissed additional causes of action that claimed same damage and were based on same conduct as in prior justice court suit).

*Res judicata* precludes the relitigation of claims that have been finally adjudicated in a prior action as well as claims that pertain to the same subject matter and could have been, but were not, litigated. *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). The policies behind *res judicata* reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain the stability of court decisions, promote judicial economy, and prevent double recovery. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 629 (Tex. 1992). *Res judicata* defeats a claim when there is proof of (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the

8

same claims as were raised or could have been raised in the first action. *Amstadt*, 919 S.W.2d at 652.

Here, the justice court entered a prior, final judgment on the merits of the Wilsons' claim for repayment of the alleged $5000 farm expense loan. The justice court's judgment, entered on March 23, 2003, had become final by July 23, 2003, when the Wilsons filed their suit in district court. *See* Tex. R. Civ. P. 306a, 329b(a); Tex. R. App. P. 26.1(a). The justice court's take-nothing judgment, which recites that it considered "all matters in controversy, of fact and law," submitted by the parties and heard the "pleadings, evidence, and argument of counsel," was a ruling on the merits. *See Qaddura v. Indo-European Foods, Inc.*, 141 S.W.3d 882, 894 (Tex. App.—Dallas 2004, pet. denied) (take-nothing judgment is judgment on merits); *State v. Herrera*, 25 S.W.3d 326, 326 (Tex. App.—Austin 2000, no pet.) (same). The justice court was a court of competent jurisdiction for the Wilsons' claims for eviction and the $5000 debt. *See* Tex. Gov't Code Ann. § 27.031(a) (West 2004).

Additionally, the parties and claims in the justice court and district court suits were the same. The Wilsons' district court petition claimed $5000 for a loan to the Wachsmanns, just as their justice court petition for eviction included a claim for $5000 in "complete and full satisfaction" of the same debt. *See Brown v. Henderson*, 941 S.W.2d 190, 192 (Tex. App.—Corpus Christi 1996, no writ) (comparing pleadings submitted in justice court and county court at law to identify any claims that were not barred by *res judicata*). The Wilsons did not sever their claim for the $5000 loan from their claim to evict the Wachsmanns from the farm. *See Van Dyke v. Boswell, O'Toole,*

9

*Davis & Pickering*, 697 S.W.2d 381, 384 (Tex. 1985) (*res judicata* effects of action cannot preclude litigation of claims that trial court explicitly severs from that action).

Because the Wachsmanns proved the existence of a prior final judgment on the merits by a court of competent jurisdiction, an identity of parties, and a second action based on the same claim, they satisfied the elements of the affirmative defense of *res judicata* as a matter of law. *See Amstadt*, 919 S.W.2d at 652. Accordingly, we find that the Wilsons' claim for the $5000 loan to the Wachsmanns was barred by *res judicata.*

The Wilsons seek to avoid the implications of *res judicata* by collaterally attacking the justice court's judgment. They contend that, while their written justice court pleadings sought recovery of the $5000 loan, these pleadings were in fact orally amended, superseded, and abandoned. Noting that pleadings in justice court are often oral, the Wilsons argue that the justice court orally ruled in open court that it lacked jurisdiction over the loans and that the Wachsmanns' counsel pled orally that "we should address only possession and leave loans and rent for another court." *See* Tex. R. Civ. P. 525.

As an appellate court, we are bound by the record before us, and there is nothing in the record to support the Wilsons' assertions regarding their justice court pleadings. In any event, the justice court's written order controls over any alleged oral pronouncement at a hearing. *In re K.M.B.*, 148 S.W.3d 618, 622 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see also In re J.J.*, 900 S.W.2d 353, 356 (Tex. App.—Texarkana 1995, no writ) (written judgment controls over court's oral pronouncements); *Nine Greenway Ltd. v. Heard, Goggan, Blair & Williams*, 875 S.W.2d 784, 787 (Tex. App.—Houston [1st Dist.] 1994, no writ) (same).

The Wilsons also argue that the Wachsmanns later judicially admitted the existence of the $5000 debt in district court. There is no such admission in the record.[7] They also contend that the Wachsmanns' motion for partial summary judgment was untimely. The sole basis for this assertion was a deadline included in a proposed docket control order that the Wilsons circulated but the Wachsmanns never agreed to and the district court did not adopt. Finally, the Wilsons contend that the district court failed to address contentions raised in pleadings the Wilsons filed after the Wachsmanns submitted their motion for partial summary judgment but before the district court granted it.[8] The record does not reflect that any such pleadings were filed and, in any event, the

---

[7] The Wilsons urge that the Wachsmanns made judicial admissions in their responses to requests for admission, their deposition testimony, their counsel's argument at the special exceptions hearing, and their settlement offer. We note that the Wilsons failed to include in the record the Wachsmanns' responses to their requests for admission.

A judicial admission is conclusive upon the party making it, relieves the opposing party of its burden to prove the admitted fact, and bars the admitting party from disputing it. *Mendoza v. Fidelity & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980). True judicial admissions are formal waivers of proof usually found in pleadings or in parties' stipulations. *Id.* Clarence Wachsmann's deposition testimony that he recalled a letter, Joy Wachsmann's equivocal deposition testimony about a "voluntary gesture," counsel's argument at the special exceptions hearing, and the Wachsmanns' settlement offer to the Wilsons are not pleadings or stipulations about a post-judgment $5,000 indebtedness and cannot constitute conclusive judicial admissions. *See id.* Further, the Wachsmanns' settlement offer may not be considered a judicial admission, as it was not made during the course of a judicial proceeding. *See id.*

[8] The Wilsons also claim error regarding an additional motion for partial summary judgment that the Wachsmanns sought on limitations grounds. The gist of the Wilsons' argument seems to be that the Wachsmanns titled this motion "motion for partial summary judgment" rather than "*second* motion for partial summary judgment" and that this alleged misidentification caused them "to suffer triple jeopardy." Even if the Wilsons stated a complaint cognizable under Texas law, the record does not reflect that they suffered harm: there is no indication that the district court granted the second partial summary judgment motion.

11

district court was required to render its order based on the pleadings on file at the time the Wachsmanns' motion was submitted. Tex. R. Civ. P. 166a(c)(ii).

The district court did not err in granting the Wachsmanns' motion for partial summary judgment.[9]

### *Motion for sanctions*

Revisiting their arguments against the motion for partial summary judgment, the Wilsons contend that the district court erred in denying their motion for sanctions[10] against the Wachsmanns and their counsel for filing groundless pleadings. *See* Tex. R. Civ. P. 13.

We review a ruling on a motion for sanctions under an abuse of discretion standard. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). The test under this standard "is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but 'whether the court acted without reference to any guiding rules and principles.'" *Id*. The trial court's ruling should be reversed only if it was arbitrary or unreasonable. *Id*. Moreover, rule 13 requires courts to presume that pleadings are filed in good faith. *GTE Communications Sys. Corp.*

---

[9] Because we have found that the district court did not err in granting the Wachsmann's motion for partial summary judgment, the Wilsons' complaint that the partial summary judgment precluded the admission of evidence at trial concerning the $5,000 loan (a check and a deposit receipt) is without merit.

[10] The Wilsons filed a motion for sanctions and a supplement to the motion.

*v. Tanner*, 856 S.W.2d 725, 731 (Tex. 1993). The burden is on the party moving for sanctions to overcome this presumption. *Id.*

The Wilsons argue that the district court pleadings made the basis of the Wachsmanns' motion for partial summary judgment had "no basis in law or fact." To support this assertion, the Wilsons advance the same arguments concerning the pleadings and rulings in justice court as they did in opposition to the Wachsmanns' partial summary judgment motion. We conclude that the district court did not abuse its discretion in denying the Wilsons' motion for sanctions.

### *Motion for rehearing*

The Wilsons further contend that the district court erred in denying their motion for rehearing of the Wachsmanns' partial summary judgment. Their motion informed the court that its ruling was based on pleadings that had been amended and asked the court to hold a second, expedited hearing so that the Wilsons could present two subpoenaed witnesses, the justice of the peace and his assistant. The district court did not err in denying the motion for rehearing or abuse its discretion in refusing to hold a hearing to hear live testimony. Tex. R. Civ. P. 166a(c) ("[n]o oral testimony shall be received"); *see Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998).

We have found that the district court did not err in granting partial summary judgment for the Wachsmanns. We further find that the district court did not abuse its discretion in denying the Wilsons' motions for rehearing and for sanctions. Accordingly, we overrule the Wilsons' second set of issues.

13

**Exclusion of trial witnesses**

In their third set of issues, the Wilsons assert that the district court erred in excluding the testimony of two witnesses at trial, the justice of the peace who presided over their first suit and his assistant. We review a trial court's decision to exclude testimony for an abuse of discretion. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex. 1986).

The Wilsons' brief states that the court "refused the necessary indispensable discovery" from these witnesses and that it should not have imposed a "death penalty sanction" on the Wilsons to deny them a trial on the merits of the case. In fact, the record shows that the district court excluded the justice of the peace and his assistant because the Wilsons failed to identify them in response to the Wachsmanns' request for disclosure. *See* Tex. R. Civ. P. 194; 193.6(a). When the court inquired about what testimony these witnesses could offer, the Wilsons stated, "What they know is that we were in open court and the judge pronounced a take-nothing judgment, and he also directed [his assistant] to type a judgment." With this response, the Wilsons did not meet their burden of establishing any exception for the witnesses' testimony. *See* Tex. R. Civ. P. 193.6(b). The district court did not abuse its discretion in excluding the witnesses in accordance with rule 193.6. We overrule the Wilsons' third set of issues.

**Motion to supplement discovery**

In their fourth set of issues, the Wilsons assert that the district court erred in denying the Wilsons' motion to supplement their response to the Wachsmanns' disclosure requests. The

Wilsons' request to supplement their list of testifying witnesses was untimely—they filed it after the verdict and judgment. *See* Tex. R. Civ. P. 193.5(b). Thus, we overrule the Wilsons' fourth set of issues.

**Limiting instruction**

In their fifth set of issues, the Wilsons argue that the district court erred in failing to give a limiting instruction when the Wachsmanns' counsel violated the motion in limine by mentioning the $5000 loan in closing arguments. The Wilsons did not preserve error regarding this contention by objecting or requesting a limiting instruction at the time. *See* Tex. R. App. P. 33.1(a) (party must make timely request, objection, or motion, stating specific grounds for ruling it desired court to make, and obtain ruling to preserve complaint for appellate review). Although the Wilsons approached the bench after the Wachsmanns' counsel commented on the loan, the bench conference was off the record. Because the record shows that the Wilsons failed to preserve error, we overrule their fifth set of issues.

**Remaining issues**

In their sixth set of issues, the Wilsons argue that the district court erred in denying their motion for new trial and motion for judgment notwithstanding the verdict. They also argue that an exhibit presented at the Wachsmanns' depositions caused irreparable harm to the Wilsons. Because the Wilsons presented no authority and failed to brief their arguments regarding these issues, we overrule them. *See* Tex. R. App. P. 38.1(h).

## CONCLUSION

Having overruled all of the Wilsons' issues, we affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed:   July 7, 2006