Billy BROWN, Appellant,

v.

Hershell HENDERSON, Appellee.

No. 13–95–532–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 17, 1996.

Pedro S. Cruz, Texas Rural Legal Aid, Inc., Harlingen, for appellant.

William R. Wepfer, Harlingen, for appellee.

Before FEDERICO G. HINOJOSA, Jr., YANEZ, and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

Appellant, Billy Brown, appeals the dismissal of his suit against Hershell Henderson. A county court at law dismissed the claim, brought under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"), on the basis that it was barred by res judicata. The same claim had been litigated in a justice of the peace court.

Brown challenges the dismissal by a single point of error. We affirm.

## BACKGROUND

Brown's claim arises from automobile repair services rendered by Henderson, which Henderson estimated would cost Brown $50 but actually totalled $620.70. Brown claims that Henderson performed unauthorized repairs on his vehicle; and, after the repairs were made, the car continued to malfunction.

Brown filed suit pro se in justice of the peace court alleging "unauthorized work and failure to use diligence in proper care" of his vehicle. He specifically sought "Triple Damages AND The Maximum Amount of Two–Thousand–Five–Hundred–Dollars And NO Cents Allowed IN Small Claims Court Under Texas Law, ($2,500.00), (TEXAS CONSUMER FRAUD LAW)" [sic]. Following a bench trial, the justice court rendered judgment in favor of Henderson. Brown did not appeal from the justice court, but rather, later filed suit in a county court at law seeking damages for the same alleged wrongdoing under section 17.50 of the Deceptive Trade Practices Act. The trial court granted Henderson's motion to dismiss on the ground that the claim was barred by the doctrine of res judicata.

## DISCUSSION

Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with due diligence, should have been litigated in the prior suit. *Gracia v. RC Cola–7–Up Bottling Co.,* 667 S.W.2d 517, 519 (Tex.1984). It effectively prevents a plaintiff from "splitting" his or her cause of action and later asserting claims that could have been litigated in the first suit. *Jeanes v. Henderson,* 688 S.W.2d 100, 103 (Tex.1985); *Henry v. Chubb Lloyds Ins. Co. of Tex.,* 895 S.W.2d 810, 813 (Tex.App.—Corpus Christi 1995, writ denied); *Besing v. Vanden Eykel,* 878 S.W.2d 182, 183–84 (Tex. App.—Dallas 1994, no writ).

■ Brown argues that, according to section 31.005 of the Texas Civil Practice and Remedies Code, the doctrine of res judicata

does not bar his DTPA claim in the county court at law. Section 31.005 provides as follows:

A judgment or a determination of fact or law in a proceeding in small claims court or justice of the peace court is not res judicata and does not constitute a basis for estoppel by judgment in a proceeding in a county court or statutory county court, except that the judgment rendered is binding on the parties thereto as to recovery or denial of recovery.

TEX. CIV. PRAC. & REM.CODE ANN. § 31.005 (Vernon 1986).

One court has interpreted this statute as standing for the proposition that a judgment in a justice court is not res judicata to a subsequent suit in a district court involving the same parties and essentially the same issue. *Reese v. Reese,* 672 S.W.2d 1, 2–3 (Tex.App.—Waco 1984, no writ)(interpreting TEX.REV.CIV. STAT. ANN. art. 2226a (Vernon 1971), predecessor to TEX. CIV. PRAC. & REM. CODE ANN. § 31.005 (Vernon 1986)). By implication, this would mean that according to section 31.004, which tracks the language in section 31.005, judgments out of the county courts would similarly have no preclusive effect in the district courts.[1] This is clearly not the state of the law.

Sections 31.004 and 31.005 intend that the doctrine of res judicata "bars only [the] claims that were actually litigated in the limited-jurisdiction court." *Wren v. Gusnowski,* 919 S.W.2d 847, 849 (Tex.App.—Austin 1996, no writ); *Webb v. Persyn,* 866 S.W.2d 106, 107 (Tex.App.—San Antonio 1993, no writ). The purpose of these statutes is to narrow the preclusive effect of judgments from courts of limited jurisdiction. *Webb,* 866 S.W.2d at 107. Section 31.005 creates an exception to the general rule against splitting causes of action, allowing unlitigated claims from courts of limited jur-

isdiction to be tried in county courts. *See McClendon v. State Farm Mut. Auto. Ins. Co.,* 796 S.W.2d 229, 232 (Tex.App.—El Paso 1990, writ denied).

■ We must therefore compare the pleadings submitted in the two courts. If the pleadings in the county court at law set out claims not encompassed in the pleadings in the justice court, then those claims are not barred by res judicata and may be litigated in the county court at law.

In the county court, appellant alleged a claim under the Deceptive Trade Practices— Consumer Protection Act, complaining of Henderson's false, fraudulent, misleading, and deceptive conduct in connection with the unauthorized and substandard repairs made to appellant's vehicle. In addition to this claim, appellant sought exemplary damages, pre-judgment and post-judgment interest, and attorney's fees and expenses. In his prior justice court suit, Brown alleged "unauthorized work and failure to use diligence in proper care" of his vehicle. His lawsuit, properly within the jurisdictional limits of the court, sought "Triple Damages AND The Maximum Amount of Two–Thousand–Five–Hundred–Dollars And NO Cents Allowed IN Small Claims Court Under Texas Law, ($2,500.00), (TEXAS CONSUMER FRAUD LAW)" [sic].

■ A petition does not need to set forth the formal title of the DTPA or indicate the specific sections in order to allege a DTPA claim. *Holland Mortgage and Inv. Corp. v. Bone,* 751 S.W.2d 515, 519 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *U.S. Steel Corp. v. Fiberglass Specialties, Inc.,* 638 S.W.2d 950, 955 (Tex.App.—Tyler 1982, no writ); *see Weitzel v. Barnes,* 691 S.W.2d 598 (Tex.1985). The pleading is "sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim."

---

**1.** Section 31.004 of the Civil Practice and Remedies Code provides:

(a) A judgment or a determination of fact or law in a proceeding in a lower trial court is not res judicata and is not a basis for estoppel by judgment in a proceeding in a district court, except that a judgment rendered in a lower trial court is binding on the parties thereto as to recovery or denial of recovery.

. . . .

(c) For the purposes of this section, a "lower trial court" is a small claims court, a justice of the peace court, a county court, or a statutory county court.

TEX. CIV. PRAC. & REM.CODE ANN. § 31.004(a) (Vernon 1986).

*Troutman v. Traeco Bldg. Sys., Inc.,* 724 S.W.2d 385, 387 (Tex.1987). We conclude that appellant's justice of the peace pleading is sufficient to allege a claim for relief under section 17.50 of the DTPA. *See U.S. Steel Corp.,* 638 S.W.2d at 956. Because this claim was finally adjudicated in the justice court, it is barred by res judicata in any subsequent suit brought on the same grounds.

 Appellant's remaining claims are for exemplary damages and attorney's fees. Appellant's claim for exemplary damages was not pleaded or litigated in the justice court and, therefore, would not be barred by res judicata. However, to recover punitive damages there needs to be a finding of an independent tort with actual damages. *Twin City Fire Ins. Co. v. Davis,* 904 S.W.2d 663, 665–66 (Tex.1995); *Federal Express Corp. v. Dutschmann,* 846 S.W.2d 282, 284 (Tex. 1993); *Shelton Ins. Agency v. St. Paul Mercury Ins. Co.,* 848 S.W.2d 739, 747 (Tex. App.—Corpus Christi 1993, writ denied). Without his DTPA claim, appellant is left without an underlying tort to bring his claim for exemplary damages.

The same result applies to appellant's claim for attorney's fees. If a consumer prevails in a law suit under a DTPA claim, the court may award attorney's fees. TEX. BUS. & COM.CODE ANN. § 17.50(d) (Vernon 1987). Since appellant's DTPA claim is barred by res judicata, he is unable to prevail on his claim for attorney's fees.

Accordingly, we overrule appellant's sole point of error and AFFIRM the trial court's judgment.