**Sendill HARRILL, Appellant,**

v.

**A.J.'S WRECKER SERVICE, INC., Appellee.**

No. 05–99–00475–CV.

Court of Appeals of Texas, Dallas.

Aug. 10, 2000.

Rehearing Overruled Oct. 4, 2000.

Jose Padilla Lopez, IV, Lopez & Grantham, Dallas, for Appellant.

James C. Mosser, Dallas, for Appellee.

Before Justices KINKEADE, JAMES, and FITZGERALD.

## OPINION

Opinion By Justice JAMES.

Sendill Harrill appeals the trial court's order granting summary judgment in favor of appellee A.J.'s Wrecker Service (A.J.'s). In five issues, Harrill generally contends the trial court erred in (1) denying his motion to dismiss, (2) granting A.J.'s no-evidence motion for summary judgment, (3) finding that Harrill's claim was preempted by federal law, and (4) dismissing Harrill's first amended petition. We reverse and remand.

### BACKGROUND

On August 20, 1997, Harrill parked his car in the parking lot of the apartment complex where he lived. Harrill claims his car was towed by A.J.'s without his consent. Harrill brought suit in justice court alleging in a single cause of action that A.J.'s towed Harrill's vehicle in violation of

chapter 684 of the Texas Transportation Code. Following a jury trial, judgment was entered in favor of Harrill for $4,760.55.

A.J.'s then brought a de novo appeal in the county court at law. After the appeal was filed, Harrill amended his petition and added several new causes of action, including, among other things, breach of contract, fraud, fraudulent inducement to contract, unjust enrichment, deceptive trade practices, conversion, and allegations that A.J.'s fees were excessive and in violation of the Dallas City Code. A.J.'s filed a plea to the jurisdiction and a no-evidence motion for summary judgment, both of which were granted by the trial court in a single judgment of dismissal. The county court at law judge issued a memorandum opinion stating Harrill was precluded from raising any new grounds of recovery in the county court that were not brought in justice court and Harrill's claims based on the Texas Transportation Code were preempted by federal law.

### Appeal Bond to the County Court at Law

In his first issue, Harrill argues the county court erred in denying his motion to dismiss based on a defective appeal bond in the appeal from justice court to county court. Specifically, Harrill claims the county court at law had no jurisdiction over the case because the sureties pledged exempt homestead property in the surety's oath.

On February 22, 2000, we abated and remanded this appeal because we found the appeal bonds filed in the county court were payable to one of the sureties named on the bonds rather than to Harrill as required by rule of civil procedure 571. *See* Tex.R. Civ. P. 571. We permitted A.J.'s to amend the appeal bond within the time provided under the rules and to file with this Court a supplemental record. The supplemental record was timely filed on March 7, 2000. It contains the amended appeal bond payable to Harrill in the amount of $10,017 and is facially in compliance with the requirements of rule 571.

The supplemental record also contains an order from the trial court approving the amended bond. Because the bond on its face complies with rule 571 and because the trial court approved the bond, we overrule Harrill's first issue.

### No-Evidence Motion

In his second, third, and fourth issues, Harrill complains the trial court erred when it granted A.J.'s no-evidence motion for summary judgment on the ground that Harrill's claims under the Texas Transportation Code were preempted by federal law.

A.J.'s filed a no-evidence motion for summary judgment under rule of civil procedure 166a(i) asserting that Harrill failed to present evidence that A.J.'s violated chapter 684 of the transportation code because that chapter of the transportation code is preempted by federal law. A.J.'s preemption argument is based on the theory that state law is preempted by the Interstate Commerce Act (ICA), 49 U.S.C.S. § 14501, which governs federal/state relations with regard to intrastate transportation.

Under rule 166a(i), a party may move for summary judgment when, after an adequate time for discovery, the adverse party has no evidence to support one or more essential specified elements of his claim or defense on which the adverse party would have the burden of proof at trial. *See* Tex.R. Civ. P. 166a(i); *General Mills Restaurants, Inc. v. Texas Wings, Inc.*, 12 S.W.3d 827, 832 (Tex.App.-Dallas 2000, no pet.). A no-evidence motion places the burden on the nonmovant to present evidence raising a genuine fact issue on the challenged elements. *See General Mills*, 12 S.W.3d at 832. If the nonmovant is unable to produce summary judgment evidence raising a genuine issue of material fact on the challenged elements, the trial court must grant the motion. *See* Tex.R. Civ. P. 166a(i); *General Mills*, 12 S.W.3d at 832.

■ Preemption is an affirmative defense. *See Kiefer v. Continental Airlines, Inc.*, 882 S.W.2d 496, 497–98 (Tex.App.-Houston [1 st Dist.] 1994), *aff'd*, 920 S.W.2d 274 (Tex.1996). A party seeking summary judgment based on preemption has the burden to prove preemption as a matter of law. *See Kiefer*, 882 S.W.2d at 497. Here, A.J.'s had the burden to prove the affirmative defense of preemption. A.J.'s was not entitled to bring a no-evidence motion for summary judgment on its affirmative defense on which it had the burden of proof. *See* TEX.R. CIV. P. 166a(i). Instead of pointing to a specific inadequacy in the evidence supporting Harrill's claim that A.J.'s violated the transportation code, A.J.'s claimed that Harrill could not produce evidence to support his claim because the law he relied on had been preempted. Furthermore, the question of whether a cause of action is preempted by federal law requires a legal conclusion, and purely legal issues can never be the subject of a no-evidence motion for summary judgment. Consequently, we conclude the trial court erred in granting summary judgment on A.J.'s no-evidence motion for summary judgment.

■ Because we conclude A.J.'s did not bring a proper motion to raise its preemption argument and therefore the trial court erred in granting the no-evidence motion, we need not address A.J.'s argument that federal law preempts Harrill's transportation code claims.[1] We therefore reverse the trial court's order granting the motion for summary judgment and remand the case to the trial court for further proceedings.

### DISMISSAL OF THE AMENDED PETITION

In a fifth and final point of error, Harrill contends the county court erred in entering a sua sponte dismissal of his amended petition. In the order entering the dismissal, the county court concluded Harrill was asserting new grounds of recovery not pleaded in the justice court in violation of rule of civil procedure 574a. *See* TEX.R. CIV. P. 574a.[2] We disagree and conclude the trial court erred in entering the dismissal.

■ In justice court, Harrill filed an original petition alleging that A.J.'s violated chapter 684 of the Texas Transportation Code and acted intentionally, knowingly, or recklessly. Harrill asserted specific damages and requested additional damages as set out in the transportation code for intentional, knowing, or reckless conduct. After A.J.'s appealed the adverse judgment to county court, Harrill amended his petition to add causes of action for deceptive trade practices, fraud, breach of contract, fraudulent inducement to contract, unjust enrichment, deprivation of personal rights, conversion, oppressive conduct, negligent misrepresentation, civil conspiracy, bailment, extortion, and trespass. The basis for his additional causes of action was

---

1. Similarly, the trial court erred to the extent it granted its judgment of dismissal based on A.J.'s plea to the jurisdiction based on preemption. The plaintiff bears the burden of alleging facts to affirmatively show that the trial court has subject matter jurisdiction. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993); *Texas Parks & Wildlife Dept. v. Garrett Place, Inc.*, 972 S.W.2d 140, 142–43 (Tex.App.-Dallas, no pet.). The trial court looks solely to the allegations in the pleadings in reaching its decision, and we accept the allegations in the pleadings as true and construe them in favor of the pleader in conducting our review. *Texas Air Control Bd.*, 852 S.W.2d at 446; *Garrett Place, Inc.*, 972 S.W.2d at 143. Because Har-

rill pled facts to establish his cause of action under chapter 684 of the transportation code, the plea to the jurisdiction should not have been granted.

2. Rule 574a provides: Either party may plead any new matter in the county or district court which was not presented in the court below, but no new ground of recovery shall be set up by the plaintiff, nor shall any set-off or counterclaim be set up by the defendant which was not pleaded in the court below. The pleading thereof shall be in writing and filed in the cause before the parties have announced ready for trial.

the same as in the justice court, *i.e.*, the allegedly unlawful towing. He requested the same amount of damages in county court as he alleged in his original petition filed in justice court, including a claim for punitive damages in an unspecified amount. We conclude that Harrill's additional causes of action, claiming the same damages and based on the same conduct, were not new grounds of recovery in violation of rule 574a and could properly have been brought on appeal.

We further point out that even if Harrill's additional causes of actions were "new grounds of recovery" under rule 574a, Harrill would not have been precluded from bringing these claims in a separate suit in county court. *See* Tex. Civ. Prac. & Rem.Code Ann. § 31.005 (Vernon 1997) (judgment or determination of fact or law in justice court proceeding is not res judicata in proceeding in county court or statutory county court, except that judgment rendered is binding on the parties thereto as to recovery or denial of recovery); *Wren v. Gusnowski*, 919 S.W.2d 847, 848–49 (Tex.App.-Austin 1996, no writ) (res judicata effect of judgment rendered in justice court extends only to claims actually litigated in the justice court and does not bar unlitigated claims simply because they could have been litigated in lower court); *Brown v. Henderson*, 941 S.W.2d 190, 192 (Tex.App.-Corpus Christi 1996, no writ) (purpose of section 31.005 is to narrow preclusive effect of judgments from courts of limited jurisdiction). Because Harrill could have brought any additional claims constituting new grounds of recovery in county court, the trial court should have severed any such claims from the appeal of the original judgment instead of dismissing the claims. *See D'Tel Communications v. Roadway Package Serv., Inc.*, 987 S.W.2d 213, 214 (Tex.App.-Eastland 1999, no pet.) (new counterclaim pleaded in appeal from county court to justice court was improperly brought under rule 574a; remedy was not dismissal but severance). We recognize that, in light of section 31.005 and because of the unique nature of *de novo* appeals from justice court, rule 574a has little practical effect.

We conclude the trial court erred in dismissing Harrill's amended petition. Although the issue of federal preemption of Harrill's common law claims is not directly before us at this time, we cite the trial court to *Continental Airlines, Inc. v. Kiefer*, 920 S.W.2d 274 (Tex.1996), detailing the limiting scope of federal preemption.

We reverse the trial court's summary judgment and the trial court's order dismissing the claims in Harrill's amended petition. We remand the case to the trial court for further proceedings.