# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-02-00431-CV

**Gerald H. Laubach, Appellant**

**v.**

**John C. Chunn; Frank B. Suhr, Jr.; John Bevil; Troy D. Burch, Jr.; Rosemary Flores; and Jimmy Ray Dorsey, Appellees**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT NOS. C99-924A & C2002-253A, HONORABLE ROBERT ESCHENBURG, II, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Gerald H. Laubach, proceeding *pro se*, appeals following the district court's rendition of two orders granting summary judgment in favor of appellees John Chunn, Frank Suhr, John Bevil, Troy Burch, Rosemary Flores,[1] and Jimmy Dorsey and dismissing all of Laubach's claims. Laubach contends that (1) the district court erred by overruling his request that an expert testify at the summary-judgment hearing; (2) Senior District Judge Eschenburg was improperly assigned to preside over the case; and (3) the district court erred in granting the appellees' no-

---

[1] Laubach's notice of appeal lists Flores as an appellee. In his brief, however, Laubach states, "Ms. Rosemary Flores's inclusion in Mr. Laubach's Cause Number C99-924A [was] an unfortunate occurrence. Hence-forth, Appellant Mr. Laubach rightfully withdraws Ms. Rosemary Flores from his legal malpractice lawsuit, . . . and accordingly, the name and person of Appellee Ms. Rosemary Flores is forthrightly removed from Style of Cause No. C99-924A." Based on these statements, we assume Laubach no longer harbors any complaints regarding Flores's actions.

evidence summary-judgment motions.[2]  We will affirm the district court's orders granting the summary judgments and dismissing Laubach's claims.

**Background**

Chunn and Suhr previously represented Laubach in a deceptive trade practices, breach of contract, and fraud lawsuit commenced by Laubach against a stone company.  Laubach alleged that the stone company sent him nonconforming stone; Laubach contracted for "yellow stone" and received "white stone."  Chunn and Suhr determined that expert testimony was necessary and obtained the cooperation of Frank Garza.  On March 7, 1997, the parties reached a mediated settlement agreement whereby the stone company agreed to pay Laubach a sum of money over time and provide Laubach "Sisterdale" stone in accordance with his specifications.  The stone company moved to enter judgment based on the mediated settlement agreement.  Laubach, however, wanted to repudiate the agreement and proceed with a jury trial.  Chunn and Suhr prepared to resist the motion for judgment on behalf of Laubach, however, before the hearing Chunn discovered that

---

[2] As a preliminary matter, Laubach submitted a handwritten, one-paragraph, seventy-page, brief which does not comply with the appellate rules.  Among other things, the brief fails to delineate issues for our review and lacks citation to legal authorities.  *See* Tex. R. App. P. 38.1(e), (h).  *Pro se* representation does not excuse an appellant from complying with applicable rules of procedure: "Neither is [the right of self-representation] a license not to comply with the relevant rules of procedural and substantive law." *Faretta v. California,* 422 U.S. 806, 834 n.46 (1975). "Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel." *Mansfield State Bank v. Cohen*, 573 S.W.2d 181, 184-85 (Tex. 1978); *see also Burgard v. Austin*, No. 03-00-00792-CV, 2001 Tex. App. LEXIS 4395 at *1 n.1 (Tex. App.—Austin June 29, 2001, no pet.) (not designated for publication).  We have considered Laubach's brief and identified these three issues as necessary to final disposition of the appeal.  *See* Tex. R. App. P. 47.1.

Laubach had filed a grievance against him with the State Bar of Texas. Chunn and Suhr moved to withdraw from the case and the district court granted their motion on November 13, 1997.[3]

On November 10, 1999, Laubach commenced the underlying proceeding against Chunn and Suhr as well as their former law partners, Bevil and Burch. Additionally, Laubach sued Flores and Dorsey, who were the court reporters in Laubach's suit against the stone company, and also sued the stone company's attorneys.[4] Laubach's 235-page handwritten petition accompanied by eighty-two pages of exhibits alleged that he was improperly denied a jury trial in his lawsuit against the stone company. He also contended that Chunn, Suhr, Bevil and Burch committed legal malpractice and that Flores and Dorsey acted negligently in performing their court reporting duties.

In March 2002, Chunn, Suhr, Bevil and Burch moved for summary judgment. They also moved to dismiss the case for want of prosecution because of the lack of activity in the case. As grounds for summary judgment, Chunn, Suhr, Bevil and Burch urged that there was no evidence of any conduct, act or omission on their part that would be evidence of any legal malpractice, and there was no evidence that any act, omission, or conduct by them was the producing cause or proximate cause of damages to Laubach. They also contended that their summary-judgment evidence affirmatively negated Laubach's claims. Finally, they asserted that their summary-judgment evidence conclusively established limitations. Laubach failed to respond to the motion.

___

[3] The State Bar of Texas found no professional misconduct and dismissed Laubach's complaint. Laubach then sued the State Bar of Texas "in tort" contending that it improperly addressed his complaint. The State Bar moved for dismissal based on sovereign immunity, the district court granted the motion, and this Court affirmed that decision. *See Laubach v. State Bar*, No. 03-00-00282-CV, 2000 Tex. App. LEXIS 7563 (Tex. App.—Austin November 9, 2000) (not designated for publication).

[4] The district court granted summary judgment in favor of the stone company's attorneys and that ruling is unchallenged.

On March 25, the district court granted the motion on all grounds and severed the four parties into a new cause number, C2002-253A, rendering the order appealable.

In April 2002, Flores and Dorsey moved for summary judgment. They urged that there was no evidence that either of them owed a particular duty to Laubach and there was no evidence that either of them proximately caused Laubach damages. They also urged that Laubach's suit was barred by limitations. Laubach failed to respond to the motion and did not present any evidence for the district court's review. The district court granted Flores's and Dorsey's summary-judgment motion.

## Discussion

The three dispositive issues raised by Laubach are (1) whether the district court erred in excluding oral testimony from Frank Garza at the summary-judgment hearing; (2) whether Senior District Judge Eschenburg was properly assigned to preside over the case; and (3) whether the district court erred in granting the two summary judgments based on no-evidence grounds.

### *Exclusion of oral testimony*

Laubach subpoenaed Frank Garza to testify on his behalf at the summary-judgment hearing. At the hearing, the judge refused to allow Garza to testify. The rules of civil procedure provide that "no oral testimony shall be received at the [summary-judgment] hearing." Tex. R. Civ. P. 166a(c); *see Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998); *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269 n.4 (Tex. 1992). We hold that the district court did not

4

err in refusing to allow Garza to testify at the summary-judgment hearing. Laubach's first issue is overruled.

### *Assignment of Senior District Judge Eschenburg*

For the first time on appeal, Laubach questions why Judge Eschenburg presided over the summary-judgment hearing rather than the elected presiding judge of the 22nd Judicial District Court, Judge Charles Ramsay. Each party to a civil case is entitled to one unqualified objection to any judge assigned by the presiding judge. Tex. Gov't Code Ann. § 74.053(b) (West 1998). A party, therefore, may object to the assignment of a visiting judge, and if the objection is timely, the party is entitled to the automatic removal of the visiting judge. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999). To be considered timely, an objection to an assigned judge must be made in a written motion and filed "before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside." Tex. Gov't Code Ann. § 74.053(c) (West 1998); *Flores v. Banner*, 932 S.W.2d 500, 501 (Tex. 1996); *In re Cuban*, 24 S.W.3d 381, 382 (Tex. App.—Dallas 2000, orig. proceeding).

In his brief, Laubach acknowledged that he received a letter from the district court administrator informing him that Judge Eschenburg was assigned to preside over the summary-judgment hearings and that Laubach could object to the assignment by advising the court administrator. Laubach did not submit an objection to the district court administrator nor did he file a written motion objecting to the assignment of Judge Eschenburg.

An issue raised for the first time on appeal is not preserved for review. Tex. R. App. P. 33.1(a). An appellant must have timely requested, objected or otherwise raised an issue before the trial court by written motion so as to call the court's attention to the issue and provide it with an

5

opportunity to address the issue or correct an alleged error. *Id.*; *see Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196-97 (Tex. App.—Austin 1992, no writ). We hold that Laubach failed to preserve his complaint regarding the appointment of Judge Eschenburg for appellate review. Laubach's second issue is overruled.

### *No-Evidence motions for summary judgment*

After a lengthy time for discovery passed, by two motions, the six appellees asserted no-evidence summary-judgment motions. They specified the elements of Laubach's claims on which there was no evidence. *See* Tex. R. Civ. P. 166a(i)*; Parsons v. Ford Motor Co.*, 85 S.W.3d 323, 328 (Tex. App.—Austin 2002, pet. denied). In their motion, Chunn, Suhr, Bevil and Burch challenged two elements of Laubach's legal malpractice and negligence claims, duty and proximate cause, while Flores and Dorsey challenged two elements of Laubach's general negligence claim, duty and proximate cause. To avoid summary judgment and to go forward with a trial, the burden was on Laubach to present evidence to the district court raising a material fact issue regarding these challenged elements. *Parsons*, 85 S.W.3d at 328. Laubach did not respond to either motion and failed to present any evidence for the district court's review. The court granted both motions and specifically ruled that Laubach failed to produce any evidence on the challenged elements of his claims.

Review of a no-evidence summary judgment is similar to that of a pretrial directed verdict. *Id.* We therefore determine whether Laubach produced for the district court's review any evidence of probative force to raise material fact questions on the essential elements of his claims placed in issue by the appellees. *Id.* If Laubach failed to present to the district court more than a

scintilla of probative evidence on the challenged issues, then the no-evidence summary judgments should be upheld. *Id.; see also Harrill v. A.J.'s Wrecker Serv., Inc.*, 27 S.W.3d 191, 193 (Tex. App.—Dallas 2000, pet. dism'd).

Laubach contends that he controverted the six appellees' contentions of no evidence with the facts alleged in his petition. Pleadings, however, are not summary-judgment evidence and a party cannot rely on factual statements in a pleading as summary-judgment proof. *See Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) (even if sworn or verified, pleadings are not summary-judgment evidence); *Hidalgo v. Surety S & L Assoc.*, 462 S.W.2d 540, 545 (Tex. 1971). Laubach further contends that Garza's affidavit attached to his appellate brief as Exhibit Z, though unsigned and unverified, is evidence that creates a material fact question, and based on Garza's affidavit the summary judgments should be reversed and remanded for trial.[5]

Without commenting on the form or substance of the affidavit, we may not consider Garza's unsigned, unverified affidavit as it was not before the district court. This Court reviews what occurred in the trial court and applies appropriate appellate standards of review to the trial court's actions. Here, before rendering the two orders, the district court did not have an affidavit or deposition from Garza for its consideration.

We hold that the summary judgments should be upheld based on the no-evidence ground because Laubach failed to present more than scintilla of probative evidence on the elements

---

[5] Laubach acknowledged in his brief that upon presenting the prepared affidavit to Garza, he declined to sign it.

challenged. Laubach's contention that the district court erred in granting the appellees' no-evidence motions for summary judgment is overruled.

## Conclusion

Having addressed and overruled the issues necessary to the disposition of this appeal, we affirm the district court's orders granting summary judgment and dismissing Laubach's claims.

_____

Lee Yeakel, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: June 26, 2003