Affirmed and Memorandum Opinion filed August 24, 2006








Affirmed and Memorandum Opinion filed August 24, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00747-CV

____________

 

KRYSTAL CHARLES, Appellant

 

V.

 

USA SAVOY LEASCO d/b/a THE SAVOY
APARTMENTS,
Appellee

 



 

On Appeal from the County
Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 826,849

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Krystal Charles, appeals the summary judgment in
favor of appellee, USA Savoy Leasco, dba The Savoy Apartments (ASavoy@), on her claim
for breach of contract on which she seeks to recover attorney fees.  We affirm.

Savoy, as lessor, and Charles, as lessee, entered into a
lease agreement.  Subsequently, Savoy filed an eviction action against Charles
in justice court.  In her answer to the eviction action, Charles requested
attorney fees both under the lease and the Texas Property Code.  Although
Charles prevailed in the eviction action, the justice court denied her request
for attorney fees.  








The justice court set the appeal bond at $100.00.  However,
Charles did not appeal the denial of her request for attorney fees.  Instead,
she filed suit in county court at law, asserting a breach of contract claim and
seeking attorney fees.  Savoy moved for summary judgment on its affirmative
defenses of res judicata and collateral estoppel, arguing that Charles= claim for
attorney fees had been expressly addressed on the face of the justice court
judgment.  The trial court granted Savoy=s motion for
summary judgment.

In three issues on appeal, Charles argues the trial court
erred in granting summary judgment in favor of Savoy because her breach of
contract claim is not barred by res judicata or collateral estoppel.  To
prevail on a motion for summary judgment, a defendant must establish that no
material fact issue exists and that it is entitled to judgment as a matter of
law.  Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222 (Tex. 1999).  In
conducting our review of the summary judgment, we take as true all evidence
favorable to the nonmovant, and make all reasonable inferences in the nonmovant=s favor.  KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999).  A defendant, as movant, is entitled to summary judgment if it either
disproves at least one essential element of each of the plaintiff=s causes of action
or establishes all the elements of an affirmative defense.  American Tobacco
Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  

Under common law,
res judicata, or claims preclusion, prevents the litigation of a claim or cause
of action that has been finally adjudicated, as well as related matters that,
with the use of diligence, should have been litigated in the prior suit.  Barr
v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992).  This case,
however, is not governed by common law, but by Section 31.005 of the Texas
Civil Practices & Remedies Code, which has modified the rules for common
law res judicata for cases originally tried in justice court.  See Tex. Civ. Prac. & Rem. Code Ann. ' 31.005 (Vernon
1997).  Section 31.005 provides:

A judgment or a
determination of fact or law in a proceeding in small claims court or justice
of the peace court is not res judicata and does not constitute a basis for
collateral estoppel by judgment in a proceeding in a county court or statutory
county court, except that the judgment rendered is binding on the parties
thereto as to recovery or denial of recovery.








Id.  Thus, section
31.005 creates an exception to the general rule against splitting causes of
action by allowing unlitigated claims from courts of limited jurisdiction to be
tried in county courts.  Brown v. Henderson, 941 S.W.2d 190, 192 (Tex.
App.CCorpus Christi
1996, no writ).  Accordingly, under section 31.005, only those claims actually
litigated are barred by res judicata.  Id.; Wren v. Gusnowski,
919 S.W.2d 847, 849 (Tex. App.CAustin 1996, no writ). 

In her answer to
Savoy=s eviction suit,
Charles pleaded for attorney fees as follows:

[T]his is a forcible entry claim against Defendant. . . . Defendant is
entitled to an award of reasonable attorney fees under the provisions of Texas
Property Code. . . .

In addition,
according to the terms of the agreement between THE SAVOY APARTMENTS and
Defendant dated August 27, 2003, THE SAVOY APARTMENTS agreed to pay Defendant=s attorney=s fees in the
event Defendant should require the services of an attorney to defend the
provisions of the contract and prevails in such a defense.  Therefore,
Defendant is entitled to an award of reasonable attorney fees under the terms
of the lease.

The judgment of the
justice court states:

Be it remembered on this day, a day
of regular term of this Court came to be heard the above numbered, styled,
named Plaintiff and Defendant; both being present, announced ready for trial,
the Court having heard all the evidence, the Court has determined Judgment is
for the Defendant.  NO WRIT TO ISSUE.  Further, the Defendant shall be entitled
to $0 damages and $0 attorney fees.








In this current action, Charles asserts Savoy breached the
lease agreement by wrongfully refusing to pay Charles her attorney fees
incurred in the prior eviction suit as provided in the lease agreement. 
Charles seeks attorney fees under Section 24.006(c) of the Texas Property Code[1]
and Section 38.001 of the Civil Practices & Remedies Code.[2] 


Charles admits that she sought attorney fees in the justice
court by her answer filed in response to the eviction suit, but argues the
issues submitted to the justice court involved Charles= conduct that
occurred prior to the filing of the eviction suit, while the breach of contract
claim involved Savoy=s conduct occurring after the judgment in
the eviction suit.  Therefore, according to Charles, her breach of contract
claim could not have been fully and fairly litigated in the justice court and
is not barred by res judicata.

We disagree.  In the eviction suit, Charles specifically
requested attorney fees pursuant to the terms of the lease in the event that
she should prevail.  The judgment of the justice court expressly denied her
claim for attorney fees.  In her action in the county court at law, Charles,
again, seeks attorney fees as the prevailing party pursuant to the lease. 
Although Charles casts her current claim as a breach of the lease, it is still
a claim for attorney fees as the prevailing party.  Therefore, in accordance
with section 31.005, we find Charles= claim for
attorney fees under the contract was actually litigated and the trial court
properly granted Savoy=s motion for summary judgment.  Appellant=s first through
third issues are overruled.

          Accordingly,
the judgment of the trial court is affirmed.  

 

 

/s/      J. Harvey Hudson

Justice

 

                                                              

Judgment rendered
and Memorandum Opinion filed August 24, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.









[1]  See Tex.
Prop. Code Ann. ' 24.006(c) (Vernon 2000) (providing that if a written
lease entitles the landlord or the tenant to recover attorney fees, the
prevailing tenant is entitled to recover reasonable attorney fees from the
landlord).  





[2]  See Tex.
Civ. Prac. & Rem. Code Ann. '
38.001(8) (Vernon 1997) (providing for the recovery of reasonable attorney fees
in a claim on a contract).