Opinion issued December 7, 2006 

















Opinion issued December 7,
2006










 

 

 

 














 

     

 

 

 

 

 

In The

Court of Appeals

                    
     For The

               First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00963-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



HOUTEX READY MIX CONCRETE & MATERIALS, Appellant

 

V.

 

EAGLE CONSTRUCTION & ENVIRONMENTAL SERVICES, L.P.,
Appellee

 

 



On Appeal from County Civil Court at Law No. 4

Harris County,
Texas

Trial Court Cause No. 823087








 

 



O P I N I O N

 

          Houtex
Ready Mix Concrete & Materials (“Houtex”) appeals a summary judgment and
two separate sanction awards of attorney’s fees in favor of Eagle Construction
& Environmental Services, L.P. (“Eagle”). 
Houtex contends (1) the trial court erred in granting summary judgment,
(2) the trial court abused its discretion in awarding Eagle $1,500 in
attorney’s fees in the final judgment as a sanction for filing a groundless
lawsuit, and (3) the trial court abused its discretion in awarding Eagle an
additional $2,500 in interim attorney’s fees as a sanction after vacating an
earlier summary judgment.  We conclude
that (1) the trial court properly granted Eagle’s motion for summary judgment
on Houtex’s breach of contract and declaratory relief claims but erred in
granting it on Houtex’s Deceptive Trade Practices Act (“DTPA”) claim, and (2)
the $2,500 sanction was within the trial court’s discretion but the $1,500
sanction was not.  We therefore affirm in
part and reverse in part.

Background

          In
March 2004, Houtex contracted with Eagle for Eagle to clean up the scene where
a Houtex truck had overturned on a freeway in Harris County.  A dispute arose about performance and
payment.  In July 2004, Eagle sued Houtex
in an Eastland County Justice of
 the Peace Court
, asserting breach of contract,
fraudulent inducement, fraud, misrepresentation, sworn account, unjust
enrichment, and quantum meruit.  Two
months later, Houtex sued Eagle in Harris
 County Civil Court at Law No. 4 in this case,
seeking declaratory relief regarding the same contract.  

Houtex failed to answer or appear in
the Eastland
 County
lawsuit.  Eagle obtained a default
judgment against Houtex in the justice court. 
Eagle then moved for summary judgment in this action, asserting that
Houtex’s claims are barred by res judicata and collateral estoppel, based on
the Eastland County Justice Court
judgment.  The trial court granted
summary judgment after Houtex failed to appear at the hearing on the motion.  The trial court later vacated this order, but
awarded Eagle $2,500 in attorney’s fees as a sanction for costs Eagle incurred
in attending the hearing.  

Eagle amended its motion for summary
judgment and filed an additional motion for sanctions, again asserting res
judicata and collateral estoppel, and asserting that this lawsuit is
frivolous.  The day before the hearing on
the motion, Houtex amended its original petition, asserting claims for breach
of contract and DTPA violations.  

The trial court granted summary
judgment to Eagle and awarded it another $1,500 in attorney’s fees, as well as
appellate attorney’s fees.  

Summary Judgment

Standard of Review

Our review of a summary judgment is
de novo.  Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211,
215 (Tex.
2003).  Under the traditional standard
for summary judgment, a movant has the burden to show that no genuine issue of
material fact exists and that the trial court should grant judgment as a matter
of law.  Tex. R. Civ. P. 166a(c); KPMG
Peat Marwick v. Harrison County
Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). 
We view all evidence in a light favorable to the nonmovant and indulge
every reasonable inference in the nonmovant’s favor.  Provident
Life, 128 S.W.3d at 215.  A defendant
moving for summary judgment on an affirmative defense must prove each element
of its defense as a matter of law, leaving no issues of material fact.  Garza
v. Exel Logistics, Inc., 161 S.W.3d 473, 475 n.10 (Tex. 2005). 
Res judicata and collateral estoppel are affirmative defenses.  Tex.
R. Civ. P. 94.

Res judicata prevents parties and those in privity with them
from relitigating a case that a competent tribunal has adjudicated to finality. 
Ingersoll-Rand Co. v.
Valero Energy Corp., 997
S.W.2d 203, 206 (Tex.
1999).  Res judicata bars claims
or defenses that, through diligence, should have been litigated in the earlier
suit but were not.  Id. at
206–07.  “The doctrine is intended to
prevent causes of action from being split, thus curbing vexatious litigation and
promoting judicial economy.”  Id.
at 207.  Res judicata requires: (1) a prior
final judgment on the merits by a court of competent jurisdiction, (2) identity
of parties or those in privity with them, and (3) a second action based on the
same claims that were raised or could have been raised in the first
action.  Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996); see also Jones v. First Bank of Anson, 846 S.W.2d 107, 110 (Tex.
App.—Eastland 1992, no writ) (holding that default judgment can be used to
assert res judicata); Mendez v. Haynes Brinkley & Co., 705 S.W.2d 242, 245–46
(Tex. App.—San Antonio 1986, writ ref’d n.r.e.) (applying collateral
estoppel after default judgment).  

A party asserting collateral estoppel must establish
that (1) the facts sought to be litigated in the second action were fully and
fairly litigated in the first action, (2) those facts were essential to the
judgment in the first action, and (3) the parties were cast as adversaries in
the first action.  John G. & Marie Stella Kenedy Mem’l Found. v. Dewhurst, 90 S.W.3d 268, 288 (Tex. 2002).

Judgments from justice courts, however, are not
accorded the same common law finality as judgments from other courts.  Rather, section 31.005 of the Texas Civil Practice
and Remedies Code abrogates the general common law rules of res judicata and
collateral estoppel for justice courts and small claims courts.  See
Harrill v. A.J.’s Wrecker Serv., Inc., 27 S.W.3d 191, 195 (Tex. App.—Dallas
2000, pet. dism’d w.o.j.); Brown v. Henderson, 941 S.W.2d 190, 192 (Tex.
App.—Corpus Christi 1996, no writ).  The statute provides: 

A judgment or a determination of fact or law in a proceeding in
small claims court or justice of the peace court is not res judicata and does
not constitute a basis for estoppel by judgment in a proceeding in a county
court or statutory county court, except that the judgment rendered is binding
on the parties thereto as to recovery or denial of recovery.  

 

Tex. Civ. Prac. &
Rem. Code Ann. § 31.005 (Vernon 1997).   Texas courts have
interpreted this statute to mean that the doctrines of res judicata and
collateral estoppel only bar claims “actually litigated” in courts of limited
jurisdiction.[1]  Brown, 941 S.W.2d at 192; Wren v. Gusnowski, 919 S.W.2d 847, 849 (Tex.
App.—Austin 1996, no writ); see also Webb
v. Persyn, 866 S.W.2d 106,
107 (Tex. App.—San Antonio 1993, no writ). 
The purpose of section 31.005 “is to narrow the preclusive effect of
judgments from courts of limited jurisdiction.” 
Brown, 941 S.W.2d at 192.  The statute “creates an exception to the
general rule against splitting causes of action, allowing unlitigated claims
from courts of limited jurisdiction to be tried in county courts.”  Id.  Thus, if the pleadings here include claims not
adjudicated in the justice court, then res judicata and collateral estoppel do
not bar those pleaded claims, and Eagle’s affirmative defenses do not support
summary judgment on them.  See id.

Analysis

Houtex contends that its petition
contains breach of contract and DTPA claims that were not litigated in the Eastland County Justice Court
.  Eagle responds that Houtex’s amended
petition—asserting new breach of contract and DTPA claims—was not timely filed
and therefore the trial court properly disregarded it.  

The Texas Rules of Civil Procedure
prohibit the filing of any pleadings, responses, or pleas within seven days of
trial, unless a party first obtains leave of the court.  Tex.
R. Civ. P. 63.  The trial court must
grant leave to file unless the opposing party shows surprise.  Id.  A summary judgment hearing is a trial for the
purposes of Rule 63.  Goswami v.
Metro. Sav. & Loan Ass’n, 751 S.W.2d
487, 490 (Tex.
1988).  “Texas courts have
held that in the absence of a sufficient showing of surprise by the opposing
party, the failure to obtain leave of court when filing a late pleading may be
cured by the trial court’s action in considering the amended pleading.”  Id.  

Houtex never requested leave to file
its amended pleading and the record does not indicate that the trial court
granted leave.  Neither did the trial
court refuse leave, nor did Eagle move to strike Houtex’s amended
petition.  Because the record contains no
basis upon which to conclude that the trial court refused to consider Houtex’s
amended pleadings, and inasmuch as Eagle did not show surprise or prejudice, we
presume the trial court granted leave.  See id.
(holding that appellate court should presume trial court granted leave to file
amended petition when record contains no basis to conclude that trial court did
not consider amended petition). 
We therefore conclude that Houtex’s breach of contract and DTPA claims
were properly before the trial court when it granted Eagle’s amended motion for
summary judgment.  

The parties in the Eastland County
suit are the same as the parties in this suit, and Eagle raised the breach of
contract claim in the Eastland County
suit.  Thus, the doctrine of res judicata
and section 31.005 of the Texas Civil Practice and Remedies Code bar Houtex’s
breach of contract claim, and its contract-dependent request for declaratory
relief.  See Tex.
Civ. Prac. & Rem. Code Ann. § 31.005; Amstadt,
919 S.W.2d at 652.

  The
trial court, however, erred in granting Eagle’s motion for summary judgment on
Houtex’s DTPA claim.  Res judicata would usually
bar Houtex’s DTPA claim because (1) there was a prior final judgment on the
merits in the first action, (2) the parties to both actions are the same, and
(3) the second action is based on claims that could have been raised in the
first action.  See Amstadt, 919 S.W.2d at 652.  In this case, however, section
31.005 limits the applicability of res judicata.  Tex. Civ. Prac. & Rem. Code Ann. § 31.005. 
Neither Eagle nor
Houtex asserted DTPA claims in the Eastland County
action.  Because the parties did not
“actually litigate[]” any DTPA claims in the Eastland County Justice Court,
Houtex was free to assert a DTPA claim in this case.[2]  See Brown, 941 S.W.2d at 192; Wren, 919 S.W.2d at 849.  The doctrine
of collateral estoppel does not prevent Houtex from asserting its DTPA claim in
Harris
 County
for the same reason.  See Brown, 941 S.W.2d at 192; Wren, 919 S.W.2d at 849.  The trial court therefore erred in granting
Eagle’s motion for summary judgment on Houtex’s DTPA claim.  

Sanction Award of $1,500 in Attorney’s Fees in the Final Judgment

In its second issue, Houtex contends
the trial court abused its discretion in awarding Eagle $1,500 in attorney’s
fees in the final judgment.  Eagle
responds that the trial court did not abuse its discretion in awarding the
sanction because Houtex filed the Harris County
action knowing that it was frivolous, in violation of Texas Rule of Civil
Procedure 13.  Tex. R. Civ. P. 13.

Filing a frivolous lawsuit is litigation
misconduct subject to sanction under Rule 13. 
Id.;
Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001).  If a sanction order refers to a
specific rule, either by citing the rule, tracking its language, or both, we determine
whether the sanction is appropriate under that particular rule.  Finlay v. Olive, 77 S.W.3d 520, 524 (Tex.
App.—Houston
[1st Dist.] 2002, no pet.). 
In this case, the trial court’s sanction order does not specify the rule
used to sanction Houtex, nor does it track the language of any rule.  Eagle, however, only urged Rule 13 as a basis
for the sanction award, so we presume the trial court sanctioned Houtex under
Rule 13.  

We review a trial court’s
Rule 13 sanction award for abuse of discretion.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985);
Barkhausen v.
Craycom, Inc., 178 S.W.3d 413,
420–21 (Tex. App.—Houston [1st Dist.] 2005, pet.
denied); Gaspard v. Beadle, 36 S.W.3d 229, 239 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).  Our test for abuse of discretion is whether
the trial court acted without reference to any guiding rules and
principles.  Alpert v. Crain, Caton & James, P.C., 178 S.W.3d 398, 410 (Tex.
App.—Houston
[1st Dist.] 2005, pet. denied).  We
examine the entire record and will overturn a trial court’s discretionary
ruling only if the ruling is based on an erroneous view of the law or a clearly
erroneous assessment of the evidence.  See
Mercedes-Benz Credit Corp. v. Rhyne,
925 S.W.2d 664, 666 (Tex.
1996); Downer, 701
S.W.2d at 241–42.  

Texas Rule of Civil Procedure 13 provides for
sanctions if a party files a pleading that is “groundless and brought in
bad faith or groundless and brought for the purpose of harassment.”  Tex.
R. Civ. P. 13.  “Groundless”
means no basis in law or fact and not warranted by a good faith argument for
the extension, modification, or reversal of existing law.  Id.  Rule 13 requires the trial court to hold an
evidentiary hearing to make the necessary factual determinations about the
motives and credibility of the person signing the allegedly groundless
petition.  Bisby v. Dow Chem. Co., 931 S.W.2d 18, 21 (Tex.
App.—Houston [1st Dist.] 1996, no writ). 
In evaluating an allegation of a Rule 13 violation, “[c]ourts shall
presume that pleadings, motions, and other papers are filed in good
faith.”  Tex. R. Civ. P. 13. 
The party seeking sanctions bears the burden of overcoming the
presumption of good faith in the filing of pleadings.  GTE Commc’ns Sys. Corp. v. Tanner, 856 S.W.2d 725, 731 (Tex. 1993) (orig.
proceeding).  A court may not impose
sanctions under Rule 13 “except for good cause, the particulars of which must
be stated in the sanction[] order.”  Id. at 730.  “A trial court’s failure to specify the good
cause for sanctions in a sanction order may be an abuse of discretion.”  Gaspard, 36 S.W.3d at 239.  

The purposes of the Rule
13 particularity requirement are to (1) ensure that the trial court is held
accountable and adheres to the standard of the rule; (2) require the trial
court to reflect carefully on its order before imposing sanctions; (3) inform the offending party of the particular conduct
warranting sanction, for the purpose of deterring similar
conduct in the future; and (4) enable the appellate court to review the order in light of the
particular findings made by the trial court.  Alpert, 178 S.W.3d at
411.  “In reviewing
sanction[] orders, the appellate courts are not bound by a trial court’s
findings of fact and conclusions of law; rather, appellate courts must
independently review the entire record to determine whether the trial court
abused its discretion.”  Am.
Flood Research, Inc. v. Jones, 192 S.W.3d 581, 583 (Tex. 2006);
see also Barkhausen,
178 S.W.3d at 421.   

In this case, the trial court included the
sanction order in the final judgment, but failed to specify any particular
grounds for ordering the sanction, as Rule 13 requires.  Tex.
R. Civ. P. 13; Alpert, 178 S.W.3d at
411.  The trial court did not file any findings
of fact and conclusions of law, and did not conduct an evidentiary hearing on
the motion for sanctions.  In addition, Houtex
asserted three causes of action in this lawsuit: (1) a request for declaratory
relief, (2) a breach of contract claim, and (3) a DTPA claim.  We have determined that the trial court’s
summary judgment on Houtex’s DTPA claim was improper.  We therefore conclude that the record does
not support a finding that Houtex’s petition is “groundless” as defined by Rule
13.  Tex.
R. Civ. P. 13.  We hold that the
trial court abused its discretion in ordering sanctions against Houtex under
Rule 13.  

Interim Sanction Award of $2,500 in Attorney’s Fees

In its third issue, Houtex contends
the trial court abused its discretion in awarding Eagle $2,500 in interim
attorney’s fees as a sanction after it vacated an earlier summary judgment in
this case.  Eagle responds that the
$2,500 sanction is proper because Houtex’s counsel failed to notify the court
or opposing counsel that he would not attend the hearing on Eagle’s first
motion for summary judgment, causing Eagle’s counsel to travel 720 miles round
trip to attend the hearing.

Eagle served Houtex with its first
motion for summary judgment and for sanctions on November 12, 2004.  The court set a hearing on the motion for
December 7, 2004, at 9:30 a.m.  On
December 6, Eagle filed its amended motion for summary judgment and for
sanctions.  Counsel for Houtex allegedly
appeared in court at 8:15 a.m. on the morning of December 7 to inform the judge
that he would not be able to attend the hearing because he had a trial in Montgomery
 County
at the same time.  Houtex’s counsel
asserts that the court clerk told him that the case was not set for hearing on
December 7.[3]  Counsel for Houtex admits that he did not
attempt to notify Eagle’s counsel that he was not going to attend the
hearing.  Eagle’s counsel therefore made
the trip from Eastland County to Harris County,
only to find that Houtex was not present. 


Counsel for Houtex asserts that he
was under no obligation to notify Eagle that he would not attend the summary
judgment hearing because Rule 10 of the Regional
Rules of Administration for the Second Administrative Judicial Region of Texas
requires Harris
 County
courts to defer to cases in trial.  Rule
10 states: 

a. Attorney already in trial in another
Court.

(1)    When informed that an attorney is
presently in trial, the Court will determine where and when assigned.  This information will be verified upon
request of opposing counsel.  The case will
be placed on hold or reset, depending upon when the attorney will be released.

(2)    If the attorney is not actually in trial
as represented by the attorney or agent, the case will be tried without further
notice.

 

b. Attorney assigned to two Courts for the same date:

(1)    It is the duty of the attorney to call the affected
Judge’s attention to all dual settings as soon as they are known.

 

Reg. R. Admin., 2d Admin. Jud. Reg.
10, available at
http://www.co.montgomery.tx.us/dcourts/2ndadmin/RegionalRulesofAdministration.pdf.
 This rule places the burden on the attorney to contact the
court if he has a conflicting trial setting. 
In this case, Houtex’s counsel contends that he attempted to comply with
Rule 10 by contacting the court clerk on the morning of the hearing and
informing her that he would not attend the hearing on the motion for summary
judgment because he was in trial in Montgomery County.  

The trial court granted Eagle’s
motion for summary judgment at the December 7 hearing.  The court subsequently vacated this order at
Houtex’s request, but entered a sanction awarding Eagle $2,500 in attorney’s
fees.  The trial court’s sanction order
does not refer to the specific source of power used to issue the sanction, nor
did the trial court make factual findings to support the order.  Because the conduct at issue does not involve
discovery proceedings or the content of a pleading, the trial court’s inherent
power appears to be the source of power for its sanction.  See
Kings Park Apartments, Ltd. v. Nat’l Union
Fire Ins. Co., 101 S.W.3d 525,
541 (Tex. App.—Houston
[1st Dist.] 2003, pet. denied).

 “Texas
courts have the inherent power to sanction for an abuse of the judicial process
that may not be covered by any specific rule or statute.”  Island
Entm’t, Inc. v. Castaneda, 882 S.W.2d 2, 5 (Tex. App.—Houston [1st Dist.]
1994, writ denied).  Inherent power to sanction exists to the extent necessary
to deter, alleviate, and counteract bad faith abuse of the judicial
process.  Id.  In applying its inherent power to
impose sanctions, a trial court must make findings to support its conclusion
that the conduct complained of significantly interfered with the court’s
legitimate exercise of its core functions.  Id.  In reviewing
sanction orders, however, appellate courts should independently review the
entire record to determine whether the trial court abused its discretion.  Am.
Flood Research, 192 S.W.3d at 583. 

          Here, in Eagle’s response to Houtex’s motion to vacate, Eagle requests
“any further relief to which it is justly entitled,” should the trial court
vacate the judgment.  Eagle supported its
response with an affidavit stating the facts surrounding the December 7
hearing, and the amount of costs incurred and time spent attending the
hearing.  

          The
affidavit of Eagle’s counsel contains sufficient evidence upon which the trial
court could have concluded that Houtex’s counsel acted in bad faith in failing
to notify opposing counsel that he would be absent from the December 7 hearing.  The affidavit states that Houtex’s counsel
received notice of the December 7 hearing, which was confirmed by the trial
court orally during another hearing on November 23.  Eagle’s counsel also reviewed the court’s
file on the morning of December 7, and confirmed that the hearing was set on
the court’s docket.  Houtex’s counsel had
known about the Montgomery County
trial setting since October 5, yet he never raised the potential conflict.  Houtex’s counsel also knew Eagle’s counsel
would be driving from Eastland to attend the Harris County hearing, but he made
no effort to inform him that he might not be available to attend, nor did he
attempt to inform him when he learned definitively that he would not be
there.  

Eagle’s counsel presented
evidence that his total expenses incurred in attending the December 7 hearing
were $3,901.  Specifically, the affidavit stated: 

I have spent 18 hours in traveling and attending the
properly Noticed hearing on Defendant’s Motion for Summary Judgment and
preparing a response to Plaintiff’s Motion to Vacate.  The reasonable attorneys’ fees for such
activities is $3,600.00 (18 hours @ $200.00/hour) plus $301.00 in travel
expenses and meals in attending the hearing. 
Further, I was required to retain outside counsel on behalf of Defendant
to appear and orally respond to Plaintiff’s Motion to Vacate.  This has caused additional unnecessary
expense.

 

By entering the sanction for Eagle in
the amount of $2,500, the trial court implicitly found that Houtex’s counsel
should have attempted to inform opposing counsel of his conflicting trial
setting.  The facts in this case show
that Houtex’s counsel was aware of the conflicting trial setting many days
before the hearing, and that Eagle’s counsel had to travel a significant distance
to attend the hearing.  We therefore hold
that the record contains sufficient evidence to support the sanction award. 
See Am. Flood Research, 192 S.W.3d at 583; see also McWhorter v. Sheller, 993 S.W.2d 781, 789 (Tex. App.—Houston [14th Dist.] 1999,
pet. denied) (reversing sanction award because record contained no evidence
that attorney acted in bad faith, or that her conduct interfered with one of
court’s core functions); Onwuteaka v. Gill, 908 S.W.2d 276, 281 (Tex.
App.—Houston [1st Dist.] 1995, no writ) (reversing trial court’s sanction order
because record contained no evidence attorney acted in bad faith when he was
late to trial); Island Entm’t,
882 S.W.2d at 5–6 (reversing sanction award because record contained no evidence that counsel acted in bad faith or
interfered with trial court’s core functions); Lawrence v. Kohl, 853 S.W.2d 697, 700 (Tex.
App.—Houston [1st Dist.] 1993, no writ) (holding trial court did not abuse its
discretion in sanctioning attorney for refusal to help rectify erroneous
order).  While the trial court erred in
failing to make findings to support its sanction award, the error here does not
require reversal because the record contains sufficient evidence to support the
trial court’s sanction award, Houtex had notice of the nature of the conduct
about which Eagle complained, and the sanction order corresponds to the amount
sought for the offending conduct.

          We
also note that in Eagle’s response to Houtex’s motion to vacate the summary
judgment, Eagle requested that the trial court not grant Houtex’s motion to
vacate the summary judgment.  The $2,500
sanction is therefore a lesser penalty than Eagle requested, and a concession
to Eagle for the trial court’s grant of Houtex’s motion.  See
Onwuteaka, 908 S.W.2d at 281 (“Before a trial court may impose the ‘death penalty’ sanction, the
record
must reflect that the court considered the availability of a lesser sanction and whether such a sanction
would fully promote compliance with the purpose for imposing the sanction.”).  The trial court did not abuse its discretion
in awarding Eagle the $2,500 sanction.

Conclusion

          We
hold that the trial court (1) properly granted summary judgment on Houtex’s
breach of contract and declaratory relief claims, (2) erred in granting summary
judgment on Houtex’s DTPA claim, (3) abused its discretion in ordering
sanctions against Houtex under Rule 13 for filing a groundless lawsuit, and (4)
did not abuse its discretion in ordering the sanction against Houtex for its
counsel’s failure to notify opposing counsel that he would not be attending the
summary judgment hearing.  We therefore
affirm the trial court’s judgment with regard to Houtex’s breach of contract
and declaratory relief claims.  We also
affirm the trial court’s interim sanction order of $2,500.  We reverse the trial court’s judgment with
regard to Houtex’s DTPA claim and the Rule 13 sanction order, and remand for
further proceedings. 

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Chief Justice Radack
and Justices Alcala and Bland.

 

 











[1] Texas Civil Practice and Remedies Code section 31.004
is similar to section 31.005, and Texas
courts have interpreted it in the same manner. 
Tex. Civ. Prac. & Rem. Code
Ann. § 31.004 (Vernon 1997); Lopez v. Sulak, 76
S.W.3d 597, 606 (Tex.
App.—Corpus Christi 2002, no pet.) (holding that under section 31.004, judgment
in justice court granting landlord possession in forcible detainer action is
not res judicata of tenant’s trespass to try title suit in district court); Webb v. Persyn, 866 S.W.2d 106, 107 (Tex. App.—San
Antonio 1993, no writ) (holding that section 31.004 allows parties to bring any
claim in district court that was not actually litigated in county court action
arising from same set of facts); McClendon
v. State Farm Mut. Auto. Ins. Co., 796 S.W.2d 229, 232 (Tex.
App.—El Paso 1990, writ denied) (holding
that under section 31.004, judgment in subrogation suit for property damage in
county court at law was not res judicata to personal injury suit later filed in
district court). 
Section 31.004 provides: 

 

(a) A judgment or a determination of fact
or law in a proceeding in a lower trial court is not res judicata and is not a
basis for estoppel by judgment in a proceeding in a district court, except that
a judgment rendered in a lower trial court is binding on the parties thereto as
to recovery or denial of recovery.

(b) This section does not apply to a judgment in probate, guardianship, mental
health, or other matter in which a lower trial court has exclusive subject
matter jurisdiction on a basis other than the amount in controversy.

(c) For the purposes of this section, a “lower trial court” is a small claims
court, a justice of the peace court, a county court, or a statutory county
court.

Tex. Civ. Prac. & Rem. Code Ann. § 31.004.





[2] Litigants may appeal justice court judgments to
county or district court, where the court hears the matter de novo.  Tex.
R. Civ. P. 574b.  Texas Rule of
Civil Procedure 574a, which addresses appeals of justice court judgments, provides:


 

Either party may plead any new matter in
the county or district court which was not presented in the court below, but no
new ground of recovery shall be set up by the plaintiff, nor shall any set-off
or counterclaim be set up by the defendant which was not pleaded in the court
below.  The pleading thereof shall be in
writing and filed in the cause before the parties have announced ready for
trial.

 

Tex. R. Civ. P. 574a. 
Texas
courts have noted that Rule 574a has little practical effect in light of Civil
Practice and Remedies Code sections 31.004 and 31.005.  See
Harrill v. A.J.’s Wrecker Serv., Inc.,
27 S.W.3d 191, 195 (Tex. App.—Dallas 2000, pet. dism’d w.o.j.).  While Rule 574a prevents a party from
bringing a “new ground of recovery” in the de novo appeal of the justice court
judgment, sections 31.004 and 31.005 allow a party to circumvent Rule 574a by
bringing the new claim in a separate action in county court or district court.  See
id.;
Wren v. Gusnowski,
919 S.W.2d 847, 849 (Tex. App.—Austin 1996, no writ) (holding that res judicata
effect of judgment rendered in justice court extends only to claims actually
litigated in justice court and does not bar unlitigated claims simply because
they could have been litigated in lower court).

 





[3] The record contains no evidence of this conversation
and the trial court refused to hear testimony from the clerk on this
issue.