United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 10, 2006**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-50121
Summary Calendar
_____

RASHAY REASONER,

Plaintiff-Appellant,

v.

HOUSING AUTHORITY OF THE CITY OF TEAGUE,

Defendant-Appellee.

_____

Appeal from the United States District Court for the Western
District of Texas
_____

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[1]

Appellant Rashay Reasoner appeals the dismissal of her Fair Housing Act claims against the Housing Authority of the City of Teague, Texas. Reasoner leased an apartment from the Housing Authority, and in January 2005, the Housing Authority informed Reasoner that she would be required to vacate the premises. After

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

receiving the notice to vacate, Reasoner initiated suit in federal district court, alleging that her eviction was based on discrimination in violation of the Fair Housing Act.

After Reasoner's suit was filed, the Housing Authority initiated eviction proceedings in Texas Justice Court.[2] After a short trial, a jury found in favor of the Housing Authority, and the court entered judgment in its favor. Following that judgment, the Housing Authority moved for dismissal of Reasoner's federal suit, invoking both the *Rooker-Feldman* doctrine and *res judicata*. The district court concluded that Reasoner's claims were barred by the *Rooker-Feldman* doctrine and dismissed the suit. The court did not address the application of *res judicata*.

Reasoner argues that the district court's application of the *Rooker-Feldman* doctrine is in error, relying on the Supreme Court's recent decision restricting the scope of the doctrine in Exxon Mobil v. Saudi Basic Industries Corp., 544 U.S. 280 (2005). The Housing Authority concedes on appeal that the *Exxon Mobil* decision precludes the application of the *Rooker-Feldman* doctrine

---

[2] The jurisdiction of the Texas Justice Court is subject to several limits, including, *inter alia*, only those civil matters in which the amount in controversy is $5,000 or less. See TEX. GOV. CODE § 27.031. Moreover, the *res judicata* effect of a judgment of a Justice Court is limited by statute. See TEX. CIV. PRAC. & REM. CODE §§ 31.004, 31.005; Brown v. Henderson, 941 S.W.2d 190, 192 (Tex. App.—Corpus Christi 1996, no writ).

in this case, but argues that this court should affirm the dismissal based on *res judicata*. The district court, however, did not address this argument, and we decline to do so in the first instance. The judgment of the district court is REVERSED, and the case REMANDED for further proceedings.

REVERSED and REMANDED.