IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-51453
Summary Calendar

RASHAY REASONER

Plaintiff - Appellant

V.

HOUSING AUTHORITY OF THE CITY OF TEAGUE

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas, Waco
No. 6:05-CV-32

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff Rashay Reasoner, both in her individual capacity and as a next friend for her minor son, K.R., appeals the district court's judgment for the Housing Authority of the City of Teague on her familial status discrimination claim filed pursuant to the Fair Housing Act. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

In August 2002, plaintiff Rashay Reasoner entered into a lease agreement with the Housing Authority of the City of Teague (the "Housing Authority") to lease a public housing unit in a complex specifically designed and operated to assist elderly persons in Teague, Texas. Reasoner, who is not elderly and planned to live with her minor son in the complex, was nonetheless permitted to lease an apartment in the community as an accommodation for Reasoner's disabilities. The Housing Authority received numerous complaints on multiple occasions from other residents that the behavior of both Reasoner and her son was in violation of the "Rules and Regulations" attached to Reasoner's rental contract, which prohibited, among other things, "loud, disorderly, or unlawful" conduct, and playing "in the driveways, parking areas, or on the entrance sidewalks of apartments" of others. The Housing Authority also received a report that Reasoner threatened to kill another tenant, the consequence of which was that a criminal trespass order was issued against Reasoner.

Subsequently, on January 4, 2005, the Housing Authority notified Reasoner that she and her son would need to vacate their unit by February 7, 2005, in response to these multiple violations of the lease. Shortly thereafter, the Housing Authority issued a second notice adding failure to pay rent as an additional basis for eviction. At this time, Reasoner had not paid rent in two months. Following a trial by jury before the Precinct 2 Justice of the Peace in Freestone County, Texas, the jury found for the Housing Authority, and a judgment was entered on March 9, 2005, ordering Reasoner to vacate the unit. Reasoner did not appeal that judgment.

Instead, on January 28, 2005, Reasoner filed the instant lawsuit alleging discrimination on the bases of disability and familial status under the Fair Housing Act, 42 U.S.C. § 3604. Reasoner abandoned her claim based on disability prior to trial, electing only to pursue her familial status discrimination

claim. Following a remand from this court reversing summary judgment for the Housing Authority on the basis of the Rooker-Feldman doctrine, Reasoner v. Housing Auth. of the City of Teague, 188 F. App'x 282 (5th Cir. 2006), the case was calendered for an October 29, 2007, trial date. On October 25, 2007, the Housing Authority moved to amend its answer to include as a defense the statutory exemption from all provisions regarding familial status for "housing for older persons" granted by Congress in 42 U.S.C. §§ 3607(b)(1) and (2).

The district court orally granted the Housing Authority's motion to amend over Reasoner's objection at the opening of the one-day bench trial conducted in this case. In so doing, the district court explained that it would grant the motion notwithstanding the fact that it was filed four days prior to trial because the claimed exemption was "not something that would come as a surprise to the plaintiff . . . ." A minute entry granting the motion to amend was docketed the same day. The bench trial ensued, at the conclusion of which the district court made express findings of fact and conclusions of law. Specifically, the district court concluded in relevant part that, "Defendant has established by a preponderance of the evidence that the housing complex located at 802 South 7th Street is properly designated as 'housing for older persons.' Thus, the provisions in the Fair Housing Act relating to 'familial status' do not apply in this case." On November 16, 2007, the district court entered judgment in favor of the Housing Authority. This timely appeal followed.

II.

On appeal, Reasoner raises three points of error. She argues that: (1) the district court erred in granting the Housing Authority's motion to amend its answer to include the exemption for "housing for older persons"; (2) the district court should have held the Housing Authority to the "compelling business necessity" standard in establishing a justification for evicting Reasoner and K.R.; and (3) the district court erred in admitting written statements evidencing

Reasoner's threat against another tenant.  Because we conclude that the district court did not abuse its discretion in granting the Housing Authority's motion to amend, and because Reasoner failed to challenge the district court's conclusion that "the provisions in the Fair Housing Act relating to 'familial status' do not apply in this case," we affirm the district court's judgment on that basis and decline to reach Reasoner's other points of error.

With respect to a district court's decision to grant or deny a motion to amend a pleading, we have explained that:

> "Whether leave to amend should be granted is entrusted to the sound discretion of the district court . . . ."  Quintanilla v. Tex. Television, Inc., 139 F.3d 494, 499 (5th Cir. 1998).  Federal Rule of Civil Procedure 15(a) requires the trial court to grant leave to amend "freely," and the language of this rule "evinces a bias in favor of granting leave to amend."  Chitimacha Tribe of La. v. Harry L. Laws Co. [ ], 690 F.2d 1157, 1162 (5th Cir. 1982).  The district court must have a "substantial reason" to deny a request for leave to amend.  Jamieson v. Shaw, 772 F.2d 1205, 1208 (5th Cir. 1985).

Lyn-Lea Travel Corp. v. Am. Airlines, Inc., 283 F.3d 282, 286 (5th Cir. 2002). Rule 15(a) provides, "[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice requires."  FED. R. CIV. P. 15(a)(2).  In discussing the pleading requirement for affirmative defenses, we have said that the central purpose for the requirement "is the prevention of unfair surprise."  Ingraham v. United States, 808 F.2d 1075, 1079 (5th Cir. 1987).  However, as the issue is not before us, we do not consider whether the exemption for "housing for older persons" under 42 U.S.C. § 3607(b) is an affirmative defense that must be pleaded under Rule 8(c).  See FED. R. CIV. P. 8(c).

In Lyn-Lea Travel Corp., we affirmed the district court's grant of the defendant's motion to amend its answer to include a federal preemption defense after such defense had been raised in the defendant's motion for summary judgment but prior to trial. 283 F.3d at 286. There we explained that, because preemption was an issue of law, the relevant facts of which were undisputed at trial, and the plaintiff was not deprived of discovery, the district court did not abuse its discretion in granting leave to amend. Id. (citing Quintanilla, 139 F.3d at 499).

Similarly, in this case the applicability of the statutory exemption under § 3607(b) is an issue of law the relevant facts of which—that the complex in which Reasoner and K.R. lived was "housing for older persons" within the meaning of the Fair Housing Act—were undisputed, and indeed admitted, at trial. Thus, Reasoner was not prejudiced by the denial of the opportunity for discovery. Further, because the statutory exemption from the familial status provisions for "housing for older persons" is included in a related section of the same Title under which Reasoner brought her claim, as the district court determined, "it's not something that would come as a surprise to [Reasoner]" that the Housing Authority would assert it as a defense. To the contrary, the only surprise was that the Housing Authority had not asserted it initially in its answer and as a ground for summary judgment. Consequently, it was not an abuse of discretion for the district court to grant the Housing Authority's motion to amend in this case.

On appeal, Reasoner argues that our decision in Oden v. Oktibbeha County, 246 F.3d 458 (5th Cir. 2001), forecloses the Housing Authority from amending its answer, and as a consequence, renders the "housing for older persons" exemption waived. We disagree. As the Housing Authority asserts in its brief, in Oden, we merely held that a statutory affirmative defense is waived when it is raised for the first time in a post-trial motion for judgment as a matter

of law, after the jury had reached a verdict and the district court had entered judgment on that verdict. Id. at 467. The defendants in that case never sought to amend their responsive pleadings prior to trial pursuant to Rule 15(a) as the Housing Authority did here. Thus, Oden is inapposite.

Substantively, Reasoner does not challenge on appeal the district court's factual finding that the housing unit in which she lived was properly designated "housing for older persons" within the meaning of the Fair Housing Act. In fact, Reasoner acknowledged that it was in her trial testimony. (Tr. 34:16–19). As a consequence, that issue is not before us, and we defer to the district court's factual finding on the issue.

Further, we need not reach Reasoner's other points of error because they are mooted by our affirming the district court's judgment on the ground that the § 3607(b) exemption acts as a complete bar to Reasoner's claim in this case.

### III.

For the foregoing reasons, we AFFIRM the judgment of the district court.